J. C. CODNER, Adm'r, v. C. W. BIZZELL.

*Evidence—Payment of guardian note.*

The defendant, B, executed his note to C, guardian, in January, 1861, for rent of ward's land; the evidence of B and another was that in February, 1861, C applied to B for the loan of money, which he refused, but agreed to let C have the money in payment of the guardian note. C consented, but not having the note with him, gave B an acknowledgment for money borrowed, and promised to deliver up the guardian note for cancellation but did not do so. After the death of C, and of the ward, the note was transferred to the ward's administrator, and upon suit brought defendant pleaded payment; *Held*,

(1) That as B's evidence was admitted without objection, plaintiff was concluded as to its competency.

(2) That while there was no evidence of payment as a strictly *legal* plea, there was evidence tending to show an *equitable* discharge of the bond.

(3) The defendant had a right to pay his debt to the guardian even before it was due, and the evidence shows no intent by guardian to misapply the ward's funds or any concurrence therein by defendant.

(*State* v. *Patterson*, 78 N. C., 470 ; *State* v. *Storkey*, 63 N. C., 7 ; *Rhodes* v. *Chesson*, Busb., 336, cited and approved.)

CIVIL ACTION commenced before a justice of the peace to recover the amount of a note and tried on appeal at Fall Term, 1879, of WAYNE Superior Court, before *Eure, J.*

The note sued on was in the following words: " On demand, first day of January, 1862, I promise to pay William Carraway, guardian to W. B. Best, or order, one hundred and forty dollars, for rent of ' home place' and creek field, value received. January 17, 1861. (Signed)  C. W. Bizzell.  (Seal)." Its payment was resisted by defendant upon the facts set out in the opinion.   The jury found the issues in favor of defendant, judgment, appeal by plaintiff.

*Messrs. G. V. Strong* and *G. M. Smedes*, for plaintiff.
*Messrs. Grainger & Bryan*, for defendant.

DILLARD, J.   The defendant executed the note in suit on the 17th of January, 1861, payable at twelve months, to Carraway guardian of intestate of the plaintiff for the rent of land, and after the death of Carraway, his administrator, Everitt, finding the note among his papers, assigned over the same to the plaintiff who had qualified as administrator on the estate of the deceased ward.

The action on said note was begun in a justice's court, and by appeal came to the superior court, and on the issue joined between the parties on the defence of payment and

set-off, it was submitted to the jury to find whether the note declared on had been paid. The defendant, in support of the issue on his part, introduced in evidence an instrument executed to him by Carraway in the following words and figures, to-wit:

" Borrowed and received of C. W. Bizzell, one hundred and fifty dollars, which I promise to pay when called for, with interest. February 19, 1861.

"(Signed)          WM. CARRAWAY. [Seal.]"

And defendant, by the oath and examination of himself and one Grant, showed that Carraway applied to him to loan him the sum of one hundred and fifty dollars, and that he refused to do so, but told him he would let him have the money in payment of his note to him as guardian, if he would discount the interest until it was due. They both testified that Carraway agreed to this, but said that he did not have defendant's note with him, and that he would give his note for the money and bring over defendant's note and surrender it to him, and accordingly the money was handed to Carraway, and the instrument, introduced in evidence by defendant, was executed with the declaration that the note now sued on was paid, and that he, Carraway, would bring it to defendant.

The jury upon the issue submitted to them found that the note declared on was paid, and thereupon plaintiff moved for a new trial, on the ground that there was no evidence of payment, and also for that the evidence at most disclosed that the payment claimed was a fraud on the ward's rights to which defendant was privy. His Honor overuled the motion for a new trial and in that refusal plaintiff claims there was error.

The evidence admitted was received without objection by the plaintiff, and thereby he was concluded as to its competency, and its admission cannot be urged as in anywise to constitute error in the refusal of a new trial. But it is said

that although admitted, it was not such evidence as to warrant the finding by the jury of the payment alleged, and that the court should have so told the jury.

The rule in such case is, if there be no evidence of a fact in issue, not to allow the jury to find as to it, but if there be any evidence tending to establish the fact and reasonably sufficient to authorize it to be found, its sufficiency is a question for the jury, and the court will leave it to them to consider and to find according to such weight as they may think the evidence entitled to. *State* v. *Patterson,* 78 N. C., 470; *State* v. *Storkey,* 63 N. C., 7.

Here, there was evidence tending to prove the controverted fact. The peculiar wording of the instrument, coupled with evidence of the refusal of defendant to lend the money, and the execution of the instrument, accompanied with a declaration that the note was thereby paid and was to be brought and delivered by Carraway to defendant, was certainly some evidence, the sufficiency of which to establish the payment was properly left to the jury.

It is insisted, however, that admitting the facts relied on by defendant, they do not amount to a payment of the sealed obligation in suit, on the authority of *Rhodes* v. *Chesson,* Busb., 336. The position in a court of law is undeniable. The facts claimed by defendant would not, at common law, be admissible on the maxim of *eo legamine quo legatur,* nor after the statute of ANN allowing a plea of payment supported by parol evidence, on the ground that the proof here established not a payment made, but a payment to be made. But in equity the act done of furnishing one hundred and fifty dollars by defendant, in part, a payment of the note to Carraway, and a loan for the excess, and the taking of the instrument shown forth in evidence by the defendant, was in substance a discharge of the bond, and effect would be given to it as such, although ineffectual at law. Adams

Eq., 106. And just so in our superior courts which administer equitable rights in every action.

Again, it is urged by plaintiff that the transaction by defendant with Carraway, the guardian, was with the knowledge of a diversion of a trust fund to Carraway's private uses, and therefore not to be availed of as a payment against the ward or his personal representative.

The defendant certainly had the right to pay his debt even before due, and the evidence is that he would not lend the one hundred and fifty dollars, except on the agreement that thereby he was paying his note to the guardian, and that the same was to be taken as extinguished and to be delivered up to him. There would be no color for the argument, that the money paid was vitiated as a payment without proof of a purpose on the part of Carraway to misapply the funds of his ward to his individual purpose, and a concurrence therein by defendant, and here the circumstances do not show the existence of any intent to misapply, and are quite consistent with a wish to borrow the money for the use of the ward or his estate.

In every view of the case, to say nothing of the failure of plaintiff to except to evidence and to have the matter of law relied on put on the record through requests for instructions from the court, there was no error in the refusal of the new trial, and the judgment of the court below must be affirmed.

No error.                                    Affirmed.