JOHN O. HEPTINSTALL v. CHARLOTTE MEDLIN and others.

*Breach of Trust—Sheriff—Satisfaction of Execution.*

1. Payment of money to the sheriff by an execution debtor does not discharge the latter when he is expressly informed by the officer that he intends to apply the money to the satisfaction of an execution in favor of a different plaintiff and against another defendant, and the latter consents to such misapplication, relying upon the promise of the sheriff to save harmless the party entitled to the money.

2. In such case the entry of satisfaction on the *fi. fa.* by the sheriff is entirely inoperative so far as the execution defendant is concerned.

(*Murrell* v. *Roberts*, 11 Ired., 424 ; *Codner* v. *Bizzell*, 82 N. C., 390 ; *Taylor* v. *Kelly*, 6 Jones, 324, cited and approved.)

MOTION to have entry of satisfaction made on an execu-

tion, heard at Spring Term, 1880, of HALIFAX Superior Court, before *Gudger, J.*

The motion was refused and the defendants appealed.

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Messrs. Day & Zollicoffer* and *J. B. Batchelor,* for defendants.

SMITH, C. J.   At May term, 1878, of Halifax superior court, S. F. Larkin, then sheriff, had in his hands return-able to that term, three several executions, of which two were in favor of the plaintiff against the defendants, and the other in favor of William Hunter against N. M. Long. No money had been made on either of them, and Spier Whitaker, the attorney of Hunter charged with the collection of his debt, was pressing the sheriff for its payment. Thereupon Larkin proposed to the defendant, Gooch, that if he would pay off the execution against Long he should be allowed the sum paid as a credit in the settlement of the plaintiff's executions against himself.   To this Gooch assented, and paid to Whitaker the sum of fifty dollars in his draft on Norfolk, taking his acknowledgment in the form. of a letter, as follows :

HALIFAX, N. C., 17th May, 1880.
Mr. S. F. LARKIN, *Weldon, N. C.:*

*Dear Sir:*—Mr. J. T. Gooch has paid me fifty-eight dol-lars, the balance due on account of the claim of William Hunter, g'd'n, against you for balance of amount due on. judgment against N. M. Long, collected by you.
Yours truly,
$58.                                   SPIER WHITAKER..

Gooch subsequently paid the residue due on the plain-tiff's executions and took the sheriff's receipt for sixty-one dollars and fifty-nine cents in full of both, of which the sum.

paid to the attorney was a part.    None of the executions were returned to the clerk's office, but on those of the plaintiff an endorsement was made without signature—" Satisfied 21st May, 1878."    The term of the court began on the 6th day of May and lasted two weeks.    Larkin's term of office terminated in December, 1878, and he and the sureties to his bond are insolvent.    The plaintiff, failing to get his money, on the 2d day of May, 1879, sued out other executions by virtue of which the sum of fifty eight dollars was collected of Gooch, and under an order of court, paid in the clerk's office to await the determination of his motion to have satisfaction entered as of May, 1878.    On hearing the motion the court refused to make the order and directed the money to be paid to the plaintiff.    From this ruling the defendant's appeal brings up the enquiry whether the facts found by His Honor do in law amount to a satisfaction of the plaintiff's debt.

It is plain the moneys due the plaintiff have not been paid to him, nor to any accredited agent of his, nor to the sheriff.    The sum which Gooch insists should go in the discharge *pro tanto* of the executions on which he was liable, was paid by him, with full knowledge of the facts, to another and different debt, under an agreement of the sheriff that it should be treated as a partial payment on his own debt, and the proposition is to give the sanction of the court and legal force to a misappropriation known to and concurred in by both, to the plaintiff's injury.    If the money had been simply paid over to the sheriff, it could have operated *instanter* as a satisfaction, whatever may have been the disposition of the funds by him afterwards, and the loss, from the insufficiency of the official bond, would fall on the plaintiff.    Gooch would not in such case be answerable for the sheriff's default and breach of official duty.    *Murrell* v. *Roberts,* 11 Ired., 424.    But it is obvious that no money has in this case been paid to the sheriff for the plaintiff, but by

his own order it is directly misapplied by the defendant himself to a debt in which the plaintiff has no interest, and without his knowledge or consent, under an assurance, to which the officer afterwards endeavored to give effect, that it should go in reduction of what was due on executions to which the moneys should have been, but were not applied. To permit this to be done would lead to great and serious abuses which we cannot encourage. *Codner* v. *Bizzell*, 82 N. C., 390. The duty of the sheriff and his limited authority were to accept payment from the debtor in money, and to pay over the same to the plaintiff, and no arrangement by which aught else is received, or any other obligation discharged by his direction, can operate as a satisfaction of the debt or a compliance with the mandate to collect. *Taylor* v. *Kelly*, 6 Jones, 824.

Suppose, instead of applying the money to the debt of Long, it had by agreement with the sheriff been used in meeting his personal obligations, could this be seriously urged as a payment of the execution? And is this distinguishable in principle from the use of the money made in our case? The very statement of the proposition is its own refutation. It is true that the court finds that the defendant, Gooch, " had no purpose of misappropriating the money, nor of aiding the sheriff in doing so," by which we understand that he had no intent to defraud or injure the plaintiff, and expected that Larkin would pay the plaintiff's executions out of other moneys. But this cannot affect Gooch's continued liability, and make in legal effect, that which was not in fact, a payment to the plaintiff, or to the sheriff for him. Interpreted in any larger or more favorable sense, the finding is an inference directly in conflict with the facts upon which it rests. Gooch, although with no improper motive, does directly and knowingly participate in a diversion of moneys belonging to the plaintiff, to other objects, or rather he uses his own moneys thus, and

cannot be heard to say he applied them to the plaintiff's claim.

It is unnecessary to enter into a discussion as to what acts will make one personally liable, who participates in a breach of trust, and thus secures the trust funds for himself. The cases referred to in the argument are of this class. Not only was the trustee dishonest, but the person charged shared in the dishonest act. The case is simply this: He never paid the money to the plaintiff, nor to any one for him; the plaintiff never has been paid, and the facts do not authorize an entry of satisfaction. We therefore uphold the ruling of the court and affirm the judgement.

No error.                                        Affirmed.