## STATE *v.* HENRY STORKEY.

The Supreme Court has no power to grant a new trial because a verdict is found upon *insufficient* testimony, or *against the weight* of testimony. The *sufficiency* of the testimony offered is a question exclusively for the jury. Whether a verdict is *against the weight* of the testimony is a matter exclusively for the discretion of the Judge who presides at the trial.

It is not necessary, in North Carolina, to show emission in order to prove rape, even where the indictment concludes against the form of the " Statute "—not " Statutes :" the 20th sec. of Rev. Code, chap. 35, having abolished all distinction between these phrases.

An indictment for rape need not charge that the person ravished is over *ten years* of age.

RAPE, tried before *Warren, J.,* at Spring Term 1868, of the Superior Court of BEAUFORT.

No statement of the facts is necessary.

*Attorney General,* for the State.
*Rodman, contra.*

READE, J.　In the case made for this Court, the evidence is stated in detail as the basis of exceptions by the defendant, That the evidence was insufficient to satisfy a jury beyond a reasonable doubt, and, That their verdict was against the weight of testimony.

If there was *any* evidence, its *sufficiency* was a question for the jury, and, Whether the verdict was against the *weight* of the evidence was a question for the *discretion* of the Judge who presided at the trial. In neither case can this Court interfere. There was some evidence tending to show the defendant's guilt, and it may not be improper for us to say in support of the propriety of the conviction, that in our opinion it was plenary.

The defendant's second exception, that there was no proof of emission, cannot avail him. In the first place, the witness said that the defendant " penetrated her person and ravished

her against her will." That is evidence from which the jury might infer emission. But, in the second place, it is not necessary, under our Statute of 1860, chap. 30, to prove emission. This was probably not intended to be controverted by the prisoner's counsel. His objection probably is that the case is not governed by the Statute of 1860, because the indictment concludes, *not* against the " *Statutes* " but, against the " *Statute*." But our act (Rev. Code, chap. 25, sec. 20,) provides that no indictment shall be vitiated by reason that it concludes against the *Statutes*, instead of against the *Statute*, or *vice versa.*

We therefore do not perceive any ground for a new trial.

The motion in arrest of judgment because the indictment does not charge that the female was over ten years of age, was properly refused. Our Statute makes it rape carnally to know a child under ten years of age, even although she consent; but it in no way affects the guilt of one who carnally knows a female above that age against her will. Nor is it necessary to state the age except where the victim is under ten, nor even then unless the act is with the child's consent.

Let it therefore be certified to the Court below that there is no error, in order that the sentence of the law may be executed.

PER CURIAM.                     No error.