### STATE v. ROBERT JONES.

*Homicide—Mutual Combat.*

Where, upon a trial for homicide, the only evidence relied upon by the State to connect the prisoner with the offence, is his own confessions, and those confessions tend to disclose a case of mutual combat upon sudden provocation between the prisoner and the deceased; *It was held,* to be error to exclude that view of the case from the jury, however much it may conflict with opposite theories arising from other portions of the evidence.

INDICTMENT for Murder tried at January Special Term, 1878, of EDGECOMBE Superior Court, before *Henry, J.*

The prisoner was charged with the killing of Rudolph Eaton, which took place near the town of Rocky Mount, in Edgecombe county, and the facts upon which a new trial was granted by this Court are sufficiently stated in its opinion. There was a verdict of guilty of murder. Judgment. Appeal by the prisoner.

*Attorney General*, for the State.
*Mr. Fred Phillips*, for the prisoner.

FAIRCLOTH, J. The case certified by His Honor consists of the evidence taken at the trial and his rulings on certain requests of the prisoner's counsel. The defendant offered no evidence, and the State introduced no evidence tending to connect the prisoner with the homicide except his confessions. The evidence discloses that on the night of the 25th of December, 1877, there was a festival near the ware house, which was 250 or 300 yards from Gay's shelter where the deceased was found. The confessions of the defendant made to Alice and Isaac Sessoms were as follows: He had been to the " festival near the new ware house, a white man

had collared him at the festival." At another time he said "he had been drinking and fighting—had been to the festival and fighting a man near the new ware house—the man had been imposing on him, had slapped him on the shoulder and put his hands in his collar." Again "he had been fighting the man near Gay's shelter and had struck him *three licks*," and "he had been fighting (severely) at Gay's corner." Dr. Powell testified that the deceased was stricken while lying down, and only *one* blow. His Honor charged the jury that one of the theories of the State was that the fight began at the festival and ended at Gay's, but the State had not insisted on this theory, meaning if we understand it, that the State abandoned this view after the evidence was developed. He was requested by prisoner's counsel to charge the jury that under that theory they might render a verdict of manslaughter. This was refused and the prisoner excepted. This was plainly error. The evidence, that is the confessions if made as testified and were true, and not controlled by any other evidence, indicated a case of manslaughter, or something better for the defendant. It was the province of the jury to say how it was, and it was the right of the prisoner to have his case submitted to the jury in this or any other aspect presented by the evidence, and it was the duty of the Court so to present it to the jury. The fact that the State did not insist on the theory that the fight began at the festival and ended at Gay's, can make no difference. It was the sequence of the State's evidence, relied upon for conviction, and whilst the Solicitor might shut his eyes to that view, the Court could not, and the law will not.

The rights of the prisoner were involved in it. It was his privilege to have the State's evidence applied to any theory justified by it, whether it was advanced by one side or the other. This right he demanded in his prayer for instructions which ought to have been given.

On account of the confused condition of the certified

statement, we do not consider any other exception. Let this be certified and another trial had in the Court below.
Error.                                     *Venire de novo.*