STATE v. ERT LANCE.

(Filed 30 May, 1914.)

1. **Criminal Law—Statements by Prisoner—Evidence.**

   Statements made by a prisoner to an officer concerning a crime for which he is being arrested, and without threat or inducement of the officer, are competent as evidence against the prisoner upon the trial.

2. **Trials—Instructions—Special Requests—Contentions—Inferences —Appeal and Error.**

   It is not error for the trial judge to refuse to give a prayer for special instruction which recites the contentions of the parties, with favorable inferences to be deduced therefrom, it being for the attorney to draw such inferences from the evidence introduced in his argument to the jury; and where the court may have omitted to state a correct contention of the party, his attorney should bring it to the attention of the court at the proper time, and the party cannot complain when he has not done so.

3. **Criminal Law—Rape—Trials—Instructions—Evidence—Statutes.**

   Upon a trial for rape, the prisoner's counsel requested the judge to charge the jury that there were five verdicts which they could return: (1) Rape; (2) Assault with intent to commit rape; (3) Assault with a deadly weapon; (4) Simple assault, and (5) Not guilty. The prisoner admittedly was 22 years of age, and there was no evidence of an assault with a deadly weapon. *Held*, it was not error for the judge to refuse to charge upon the third and fourth propositions, and to substitute therefor an instruction relating to an assault by a man or boy over 18 years of age, upon a woman (Revisal, sec. 3620); and *Further held*, the evidence in this case was more than sufficient to sustain a conviction of the capital offense.

4. **Criminal Law — Trials — Witnesses — Interests—Credibility—Instructions.**

   Upon this trial for rape, the charge to the jury as to the weight they should give the testimony of the defendant and his relatives, that notwithstanding their personal interest, the jury could consider the testimony in accordance as the witnesses were found to be credible, and if found to be credible, to give it the same weight as that of other witnesses, was not reversible error.

**5. Criminal Law—Rape—Trials—Instructions—Less Offenses.**

Upon a trial for rape, etc., when the evidence permits, it is proper for the judge to instruct the jury that if they should find the prisoner guilty of rape, they need not consider the less offenses charged in the indictment; but should they not so find, then to consider the question of assault with intent to commit rape, etc. Revisal, sec. 3268.

HOKE and WALKER, JJ., dissenting.

APPEAL by defendant from *Cline, J.,* at January Term, 1914, of HENDERSON.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*O. V. F. Blythe and W. C. Rector for prisoner.*

CLARK, C. J: Exception 1 cannot be sustained. Statements made to an officer are not incompetent merely because the defendant is at the time in custody or in jail, when they are made without threat or inducement. *S. v. Jones,* 145 N. C., 466; *S. v. Bohanon,* 142 N. C., 695; *S. v. Horner,* 139 N. C., 603; *S. v. Exum,* 138 N. C., 600.

Exception 2. It was not error for the court to refuse to recite a long statement of contentions prepared by prisoner's counsel, when the court stated fully the contentions which were supported by the testimony. If the court had failed to state any particular contention supported by evidence, counsel should have called it to the attention of the court, but it was not called on to repeat the argument of counsel for the prisoner or in the particular manner and with the inferences which his counsel desired. Counsel could do that in his speech.

Exception 3. The prisoner requested the court to charge: "This is an indictment for rape, which involves an assault, and under the law of the State there are five verdicts that may be returned under this indictment: (1) Rape; (2) Assault with intent to commit rape; (3) Assault with deadly weapon; (4) Simple assault, and (5) Not guilty, as the jury may find; but no verdict of guilty of any offense can be rendered till you are satisfied from the evidence of the guilt of the defendant beyond a reasonable doubt."

The case states that the charge as asked "was given, except that the third and fourth were omitted and instruction touching assault on a woman by a man or boy above the age of 18·years was substituted." Laws 1911, ch. 193, enacts that assault by a man or boy over 18, upon a woman, shall be added to the proviso in Revisal, 3620. This makes the punishment in such cases greater than other simple assaults, and as the prisoner testified that he was 22 years of age, the substitution was proper. The court therefore instructed the jury that they could return a verdict of rape, or of assault with intent to commit rape, or of assault by a man over 18 years of age upon a woman, or of not guilty.

The omission to charge that the prisoner could be convicted of an assault with a deadly weapon cannot be complained of by him, for there was no testimony of such assault. He testified that he did not make any assault with a deadly weapon, and the prosecutrix did not testify to the contrary. Both said he laid the gun down.

The jury refused to find the prisoner not guilty, and also refused to find him guilty of the simple assault upon a woman, or of the assault with intent to commit rape, but guilty of the capital felony. It could not be prejudicial that their attention was not called to the prayer that they might find him guilty of an assault with a deadly weapon, when there had been no evidence of such assault. The prayer was defective, and in such case the court can disregard it altogether.

That part of the charge presented in exception 6 is supported by *S. v. Monds,* 130 N. C., 697; *S. v. Hargrove,* 65 N. C., 466; *S. v. Starkey,* 63 N. C., 7, and *S. v. Hodges,* 61 N. C., 231.

Exceptions 7, 8, and 9, as to the instructions as to the testimony of the prisoner himself and of his relatives, testifying in his behalf, cannot be sustained, as the charge was in accordance with *S. v. Fogleman,* 164 N. C., 461; *S. v. Byers,* 100 N. C., 512, and cases cited. The court told the jury that notwithstanding the personal interest of the defendant and of his relatives, the jury could consider their testimony, and if the jury "believed them to be credible witnesses, they should give to their testimony the same weight as that of other witnesses."

STATE *v.* LANCE.

The court also charged the jury: "If the jury under the law and the evidence should find the prisoner guilty of rape, as charged, they will not consider or pass upon the question of his guilt of any lesser offense. But if they should not find him guilty of rape, then the jury will consider the question whether or not he be guilty of an assault with intent to commit rape," etc. The exception of the prisoner to this charge is also without merit. It was proper that the jury should consider the charge in the indictment, and if they failed to find the prisoner guilty as therein charged, then to pass on to the lesser degree of the same offense. Revisal, 3268.

The prisoner, a negro man 22 years old, of unusually strong and lusty frame, according to his own evidence, is indicted for rape upon a white woman, Mrs. Caroline Crook, a widow 42 years old. Her husband died two years ago, leaving her four children to support, and she having lost by her necessities the little home which her husband left her, had moved to a rented place at a retired and unprotected spot, doing doubtless the best she could. She testified that she had a considerable struggle to keep the rent on it paid. She gave a straight and pitiful story of this negro man's coming to her place, making improper proposals and of being refused, assaulting her, running her little girl out of the house, throwing her down, beating her and committing the rape. No one lived in sight of the house, and there is no public road. There was much corroboration of her evidence.

John Gildon testified that when they got to the house Mrs. Crook came up from under the floor with blood on her hair, face, and bosom. We need not go through all the repulsive and shocking testimony, for certainly this condition of the woman, of which she still showed pitiful signs on her face and bosom at the trial, did not tend in any way to show that she had ever been willing to the embraces of the negro man, as he testified.

It is true, the statute permits that under an indictment for murder or rape the prisoner can be convicted of an assault, but that is permission to the jury to avoid the necessity of a new trial for the lesser offense. It does not require the jury to find the defendant guilty of the lesser offense when there is full evi-

dence to satisfy them, as it did satisfy them in this case, beyond all reasonable doubt, that the prisoner was guilty of the rape charged. She was a poor widow deprived of the protection of her husband and of the little home left her, endeavoring to support her children and forced to live in this unprotected spot, a distance from the public road, and therefore at the mercy of this negro man animated with such impulses as the jury have found. There was evidence that the character of Mrs. Crook and of all her witnesses was good, and there is not a syllable of evidence as to her bad character, save only from the prisoner himself. There was evidence that he was a man of bad character, and he admitted that he had served sentences for perjury and other offenses.

It has been repeatedly held that the judge upon a proper state of facts can tell the jury that if they believe the evidence they can find the prisoner guilty of murder or nothing. It would have been no error to have so charged on this occasion.

If the testimony of the woman was believed, corroborated as to many points by witnesses who proved a good character, he was guilty of a most brutal and shocking rape upon an unprotected white woman. His testimony that she had consented to his embraces was wholly unsupported. Her bloody and bruised condition when the neighbors came up, her being found under the floor, her own testimony, the natural repugnance of a decent white woman to such intercourse, naturally outweighed with the jury the unsupported and most improbable testimony of the prisoner. There could no prejudice accrue to the prisoner from the court not charging that the jury could convict of assault with a deadly weapon, for there was no testimony from her that he had assaulted her with the gun, and the prisoner testified that he did not assault her at all, but that she hurt herself by falling against a chair. There can be no error in not charging that they could convict him of simple assault, because under the law as it now stands, Laws 1913, ch. 193, there can be no simple assault in such a case as this, because when there is an assault by a man or a boy over 18 years old upon a woman it is a different offense and punishable like an assault with a deadly weapon, and the judge charged exactly as the statute required.

STATE *v.* LANCE.

She proved by herself and corroborating witnesses that he was guilty of the highest crime—that of rape. If there had been any evidence of an assault with the gun, it is well settled by our decisions, and as a matter of common sense it is necessary in order that the courts may maintain public respect, that new trials shall not be granted for matters which, even if technically errors, could not reasonably change the result.

It is impossible to read this evidence and have any doubt that if the court had·charged as the prisoner asked, the jury should have returned a verdict of rape as they did, if they believed the overwhelming weight of the testimony, and if they did not, they should have acquitted the prisoner altogether, for he testified not only that he did not assault her with a gun, but that he did not assault her at all, and that her bloody and bruised condition was due to the fact that she assaulted him, and that he acted—a strong, able-bodied, vigorous negro man, 22 years old—purely in self-defense, and that she hurt herself. The jury did not believe him, and no one can suppose that any jury could be impaneled that would believe his version of self-defense. It was only by the quick use of automobiles that the prisoner was carried over the county line to safety in jail elsewhere. At the trial the public, in assured confidence that the law would be administered by twelve intelligent, honest men and an upright judge, refrained from all demonstration, though the woman's bruised and·beaten countenance, as appears by the record, still bore the marks of the violence inflicted upon her feeble frame by this prisoner and corroborated the extreme energy with which the prisoner used his privilege of self-defense—if it was to be believed.

The prosecuting witness was poor and in humble circumstances, with a dependent family of four children—a widow living in an unprotected situation; but she was entitled to the protection of the laws of her country. The jury believed her statement. They did not believe that the prisoner had done nothing more than defend himself. If they had believed him, their verdict would have been "Not guilty."

It is a pitiful tale, calculated to arouse every feeling of humanity and of justice. The prisoner had a fair, full, and impartial trial at the hands of a jury to none of whom he

objected, and under the guidance ʋf an intelligent, just judge. No error appears on this record, and if there had been any, none which could reasonably affect the result.

The testimony of the prisoner that he had had previous sexual intercourse with the prosecutrix was utterly without corroboration, and unless this was true he was merely adding to the terrible offense of which the jury found him guilty, in attempting to destroy the good character she proved by her neighbors. Her character was not impeached by any witness. There was not only testimony of the prisoner's bad character, but, as already stated, he admitted on the stand that he had served a sentence for perjury and that he had been imprisoned and on the roads for other offenses. The evidence of the prosecutrix, in indignant denial of the charge of improper conduct, was uncontradicted by any other testimony than that of the prisoner. Even the colored woman who was summoned by the prisoner testified that she had never seen any improper conduct on the part of Mrs. Crook.

The evidence for the State was clear, direct, corroborated, and overwhelming; that for the defense was the uncorroborated testimony of the prisoner (who admitted he was a perjurer and a former convict), that the defenseless woman of a different race had been his paramour; that he beat her up in "self-defense," or, rather, that she bloodied and bruised herself in assaulting him. The jury simply did not believe him.

No error.

HOKE, J., dissenting: Chapter 80, sec. 3269, provides that, on the trial of any indictment, the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime charged, or of an attempt to commit a less degree of the same crime, and doubts having arisen whether, on indictment for rape, a verdict for an ordinary assault could be rendered, the Legislature enacted ˙section 3268 of Revisal, in terms as follows: "On the trial of˙ any person for rape, or any felony whatsoever, when the crime charged shall include an assault against the person, it shall be lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence shall warrant

166—27

such finding; and when such verdict shall be found, the court shall have power to imprison the person so found guilty of an assault for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character."

In the present case the defendant has been indicted and convicted of the capital offense of rape, and there were facts in evidence to support the charge. Prosecutrix testified directly to the rape, and that, at the beginning, prisoner cocked his gun, which he had with him, and said, "Damn you, I'm coming on anyhow, and if you holler, I'll shoot your brains out," etc. On the part of defendant there was evidence tending to show that he had formerly had sexual intercourse with the prosecutrix by her consent; that on this occasion he went to see prosecutrix at her home, and she asked prisoner if he had any money, and, on being told that he had none, she became enraged, cursed witness, and they got into a fight; that she, the prosecutrix, had a piece of crooked iron and hit witness on the arm, and witness slapped her; "then we grabbed hold of each other and fell over on a chair, and she struck her face on the chair as we fell," etc. "We fell on the floor, and I was shaking her to keep her from hitting me with the iron when Miss Gildon ran up. Miss Gildon said, 'Oh! I've caught you!' or something like that, and prosecutrix then turned me loose, and I turned her loose," etc.; that witness did not commit a rape or have sexual intercourse with her at that time.

This witness, Mary Gildon, had testified in effect: "I saw Ert Lance at Caroline Crook's house the day before Christmas. He was on her between her legs. I saw him hit her in the mouth. He was down on her, her legs drawn up; she was bloody. He was doing that way [witness shows with her arms how defendant was shoving, with his arms, the arms of prosecutrix]. I said, 'Uh, huh! I've caught you.' He raised up, got his gun. I was at one door of the house, and he went out the other. He fired his gun. I thought he shot me in the back."

With this and other testimony for and against the prisoner, the court was asked, among other things, to charge the jury that, on the bill of indictment and evidence, they could render

one of five verdicts: (1) Guilty of rape, (2) Of assault with intent, (3) Assault with deadly weapon, (4) Simple assault, (5) Not guilty.

The court declined to charge that prisoner could be convicted of either an assault with a deadly weapon or a simple assault, and charged instead that, on this bill and the facts in evidence, the jury could convict of rape, assault with intent, etc., assault on a woman by a male above the age of 18 years, and not guilty, and, in thus modifying the prayers for instructions, I am of opinion that the court committed an error which entitles prisoner to a new trial.

It is a well recognized principle with us that where one is indicted for a crime and, under the same bill, he may be convicted of a lesser degree of the same crime, and there is evidence tending to support the milder verdict, the prisoner is entitled to have this view presented to the jury under a correct charge, and an error in this respect is not cured by a verdict convicting the prisoner of a higher offense, for, in such case, it cannot be determined that the jury would not have convicted of the lesser crime if the view had been correctly presented. *S. v. White,* 138 N. C., 715; *S. v. Foster,* 130 N. C., pp. 666-673; *S. v. Jones,* 79 N. C., 630.

In the present case defendant, as stated, is indicted for the crime of rape. Under such an indictment, and by express provision of our statute law, a verdict of assault with a deadly weapon or even of simple assault could be rendered if there is evidence to support such a position.

There was testimony of prosecution from which an assault with deadly weapon could well have been rendered, and evidence on the part of the prisoner tending to show he was guilty, if at all, of only a simple assault.

Not only was the law on such an issue not correctly presented in the charge, but his Honor in effect told the jury that they could not render any such verdict, and virtually directed them not to consider the evidence offered by prisoner at all.

It is no answer to this position that the jury were allowed to convict of an assault on a woman by a male over 18 years of age, and that the defendant could have had the benefit of every posi-

tion open to him on the evidence considered under that charge.

There was evidence, as stated, on the part of the defendant tending to show a simple assault—an ordinary fight between them. It was all the defense the prisoner attempted.

Under our statutes and principles established by our decisions for the ascertainment of the truth in these cases, he was entitled to have the testimony considered according to its usual and natural significance. In *Jones' case, supra,* the Court held: "Where, upon a trial for homicide, the only evidence relied upon by the State to connect the prisoner with the offense are his own confessions, and those confessions tend to disclose a case of mutual combat upon sudden provocation between the prisoner and the deceased, it was held to be error to exclude that view of the case from the jury, however much it may conflict with opposite theories arising from other portions of the evidence."

Applying the principle, I am of opinion that this conviction has not been had in accordance with our laws, and prisoner is entitled to a new trial..

There is evidence in the record from other sources tending to corroborate the position insisted on by defendant, but no amount of reiteration pro or con, however appealing or eloquent, can or should be allowed to justify a plain departure from established legal principles, and especially when a prisoner is on trial for his life.

I am authorized to say that Associate Justice WALKER concurs in this dissent.