## STATE v. JIM WILLIAMS.

(Filed 4 April, 1923.)

1. **Criminal Law — Indictment — Rape — Evidence—Verdict—Degree of Crime.**

   An indictment for any offense against the criminal law includes all lesser degrees of the same crime, known to the law; and conviction may be had of the lesser offense when the charge is inclusive of both, C. S., 4640; therefore, on an indictment for rape, when the crime charged includes an assault against the person, and other lesser crimes, the jury may acquit of the felony and find a verdict of guilty of an assault should the evidence warrant such finding. C. S., 4639.

2. **Same—Instructions—Appeal and Error.**

   When upon a trial for rape there is evidence that the defendant accomplished his purpose by overcoming the resistance of the prosecutrix by force and coercing her, with the use of a pistol, to submit to his embraces, it is the duty of the court to charge on the supporting evidence as to the lesser degrees of the crime, *i. e.,* assault with intent, assault with a deadly weapon, assault upon a female, etc., and his failure to do so upon defendant's request or otherwise constitutes reversible error. C. S., 4639, 4640.

**3. Same—Prejudicial Error.**

The error of the judge in failing to charge on the supporting evidence, upon the lesser degree of the crime of rape, under a charge thereof in the indictment, is not cured by the verdict finding that the defendant was guilty of the greater degree of the crime charged in the indictment.  C. S., 2639, 4640.

APPEAL by defendant from *Connor, J.,* at November Term, 1922, of NEW HANOVER.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*W. F. Jones and A. G. Warren, Jr., for defendant.*

WALKER, J. . The defendant was convicted of the crime of rape at the November Term, 1922, of the Superior Court of New Hanover County, Judge Connor presiding, and from the judgment upon such conviction appealed to this Court.

The State's evidence, if believed, showed beyond any doubt the com-- mission of the crime of rape, all the elements showing in this testimony. The defendant admitted the act, denied any force, and claimed that the act was done with the consent of the prosecuting witness.   The additional and supporting evidence of the State and that of the defendant concerned only the corroboration, or confirmation, of the prosecuting witness on the one hand and of the defendant on the other.   While the prosecuting witness's testimony showed, if believed, that the defendant accomplished his purpose by the use of a pistol or gun, yet the defendant not only denied the use of a pistol or gun, but alleged that it was not in the possession of the defendant at the time the act was committed, and his evidence perhaps tended to show that this was true, and to support his contention.

The defendant's only exception in the case arises from the failure of his Honor to give to the jury special instructions requested in writing by the defendant's counsel, as follows:  "This is an indictment for rape, which crime includes an assault against a female; and under the laws of North Carolina there are five verdicts that may be returned by the jury under this indictment: first, rape, the crime charged in the bill of indictment; second, assault with intent to commit rape; third, assault with a deadly weapon; fourth, assault upon a female, the defendant being a male over eighteen years of age; and, finally, 'Not guilty,' according as the jury may find."

This instruction the judge refused to give, and the prisoner excepted, but the court gave the following instruction:  "In this case the State alleges that this defendant committed an act of sexual intercourse with

the prosecuting witness, Marjorie Bannerman. This allegation is admitted by the defendant. The State alleges that this act of intercourse with Marjorie Bannerman was without her consent, that it was against her will, and that it was accomplished by means of force and violence exerted by this defendant. This the defendant denies. I instruct you that if you find from the evidence in this case, and beyond a reasonable doubt from this evidence, that this defendant had an act of sexual intercourse with Marjorie Bannerman against her will, by means of force and violence, then, gentlemen, he is guilty as charged in the indictment, and your verdict should be guilty. Unless you so find, that is, unless you find not only that he had an act of sexual intercourse, but also find that such act was against her will and was accomplished by means of force and violence, it would be your duty to return a verdict of not guilty."

Consolidated Statutes, sec. 4639, so far as material to this point, is as follows: "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and find a verdict of guilty of assault against the person indicted if the evidence warrants such finding."

The State contends that while the evidence of the prosecuting witness showed an assault with a deadly weapon upon the prosecutrix, yet this very assault was part of the means used by the defendant to force her. The defendant denies the use of the deadly weapon; he denies the use of any force at all, but sets up the willingness and consent of the woman in justification and defense of his act. There is, therefore, in this case, says the State, no evidence which would warrant the judge in giving the charge requested by the defendant's counsel. It further contends that *S. v. Lance,* 166 N. C., 411, was an entirely different case from this one. There the issue was whether there was a rape or an assault. The State further cites the following cases as illustrative of this distinction: *S. v. Jones,* 98 N. C., 651; *S. v. Foster,* 130 N. C., 666; *S. v. Dixon,* 131 N. C., 808; *S. v. Merrick,* 171 N. C., 788, and the cases there cited. But we are unable to agree with this contention of the State, or to decide according to it; but our opinion is, and we so hold, that the substance at least of the prayer should have been given to the jury, and in failing to do so the court committed an error.

The instruction requested by the prisoner should have been given, at least substantially, and even if not given, or if it had not been asked for, the judge, of his own motion, should have submitted to the jury proper instructions as to the correction of a lesser offense than that charged in the bill of indictment, and his failure to do so even without an appropriate prayer by the prisoner was error. The statute (C. S., secs. 4639 and 4640) provides:

STATE *v.* WILLIAMS.

"4639. On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding; and when such verdict is found the court shall have power to imprison the person so found guilty of an assault for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character.

"4640. Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

It is familiar learning that in the criminal law, as in many other respects, the greater includes the lesser, so that where one offense is alleged in the indictment, and the jury acquits as to that one, it may convict of the lesser offense when the charge is inclusive of both offenses. This doctrine was illustrated in *S. v. Fritz,* 133 N. C., 725, and the law was there clearly stated by the present *Chief Justice,* where the defendants were indicted, the one for sending and the other for accepting a challenge to fight a duel, Fritz being alone on trial. The *Chief Justice* said: "An affray consists of mutual assaults, of which one person, as in this case, may be convicted where the other may be acquitted or not put on trial. *S. v. Brown,* 82 N. C., 585. Dueling is simply an aggravated form of affray (4 Bl. Com., 145), and under such indictment the parties may be convicted of a mutual fighting by consent without a deadly weapon. . . . The charge of the greater offense warrants a conviction of a lesser one embraced in it, just as on an indictment for murder there can be a conviction of murder in the second degree or manslaughter, a principle which ch. 68, Laws 1885, extends to authorize a conviction of assault, if the evidence warrants it, though the prisoner is acquitted of the felony, upon an indictment, for any felony which includes an assault as an ingredient."

And so the same Judge said in *S. v. Hunt,* 128 N. C., at p. 586: "Under an indictment for murder, the defendant may be convicted either of murder in the first degree, murder in the second degree, or manslaughter, and even of assault with a deadly weapon, or simple assault 'if the evidence shall warrant such finding' when he is not acquitted entirely. Laws 1885, ch. 68. It is as if all these counts were separately set out in the bill (for it includes all of them), *S. v. Gilchrist,* 113 N. C., 673; and the solicitor can *nol pros* any count, and a *nol pros* in such case is in effect a verdict of acquittal as to that. *S. v. Taylor,* 84 N. C., 773; *S. v. Sorrell,* 98 N. C., 738."

And so it was held in *S. v. Nash,* 109 N. C., 824: "Where there was a serious conflict between the testimony of the prosecutrix and that of the defendant, it was erroneous to restrict the jury to either the theory of the State or to that of the defendant, as they may predicate their finding upon an hypothesis not consistent with either theory." *S. v. Johnson,* 94 N. C., 863; *S. v. Smith,* 157 N. C., 578.

It is said, though, that the jury convicted the prisoner of the capital felony, and this excludes the idea that he was guilty of any lesser offense. This is not a correct proposition, but a clear *non sequitur,* for it does not follow that the jury would not have found the prisoner guilty of one of the lesser crimes included in the larger felony, if they had been properly instructed as to these crimes, of which there was evidence. The presumption, if there is any, is rather the other way. Anyhow, the prisoner was entitled to have all the material phases of the case submitted to the jury in the charge of the court, and a failure to do so was error, and prejudicial to him, for when the judge attempts to state the law he should state it fully.

It is a well recognized principle that where one is indicted for a crime, and under the same bill he may be convicted of a lesser degree of the same crime, and there is evidence tending to support the milder verdict, the prisoner is entitled to have this view presented to the jury under a correct charge, and an error in this respect is not cured by a verdict convicting the prisoner of a higher offense, for in such case it cannot be determined that the jury would not have convicted of the lesser crime if the view had been correctly presented by the judge, upon evidence. *S. v. White,* 138 N. C., 715; *S. v. Foster,* 130 N. C., 666-673; *S. v. Jones,* 79 N. C., 630. In the present case defendant, as stated, is indicted for the crime of rape. Under such an indictment, and by express provision of our statute law, a verdict of assault with a deadly weapon, or even of simple assault, could be rendered if there is evidence to support such a finding. There was testimony of the prosecution from which a verdict for an assault with a deadly weapon could well have been rendered, and evidence on the part of the prisoner tending to show he was guilty, if at all, of only a simple assault. Not only was the law on such an issue not correctly presented in the charge, but his Honor, in effect, told the jury that they could not render any such verdict, and virtually directed them not to consider the evidence offered by prisoner at all, but to find him guilty of rape, or not guilty. It is no answer to this position that the jury were allowed to convict of the capital felony, and that the defendant could have had the benefit of every position open to him on the evidence considered under the charge. There was evidence, as stated, on the part of the defendant tending to show only an act of adultery by consent— an ordinary type of it unless aggravated, in morals at least, by its fre-

44—185

quent repetition or the excessive indulgence of their lustful passions. It was all the defense the prisoner attempted. Under our statute and the principles established by our decisions for the ascertainment of the truth in these cases, the prisoner was entitled to have the testimony considered according to its usual and natural significance. In *Jones' case, supra,* the Court held: "Where, upon a trial for homicide, the only evidence relied upon by the State to connect the prisoner with the offense is his own confessions, and those confessions tend to disclose a case of mutual combat upon sudden provocation between the prisoner and the deceased, it was held to be error to exclude that view of the case from the jury, however much it may conflict with opposite theories arising from other portions of the evidence." Applying the principle, we are of the opinion that this conviction has not been had in accordance with our laws, and the prisoner is entitled to a new trial.

As has been said at least once before in this Court, there is evidence in the record from other sources tending to corroborate the position insisted on by defendant, but no amount of reiteration *pro* or *con,* however appealing or eloquent, can or should be allowed to justify a plain departure from established legal principles, and especially when a prisoner is on trial for his life. In order that the prisoner, who is being tried on an indictment for the capital felony of rape, may have the benefit of the law to be stated by the judge, as to the inferior crimes, was the very reason why C. S., 4039 and 4040, were enacted, and this law has been plainly disregarded in the charge given in this case. Section 4040 provides generally, and as to all crimes, that on the trial of any indictment, the prisoner may be convicted of the crime charged therein, or of a less degree of same crime, or of an attempt to commit the crime charged, or of an attempt to commit a less degree of the same crime, and doubts having arisen whether, on indictment for rape, a verdict for an ordinary assault could be rendered, the Legislature enacted section 3268 of Revisal, in terms as follows: "On the trial of any person for rape, or any felony whatsoever, when the crime charged shall include an assault against the person, it shall be lawful for the jury to acquit of the felony, and to find a verdict of guilty of assault against the person indicted, if the evidence shall warrant such finding; and when such verdict shall be found, the court shall have power to imprison the person so found guilty of an assault for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character."

Doubts had arisen before 1885 as to whether, on an indictment for rape, a verdict for an ordinary assault could be rendered, and to settle the same the Legislature enacted Laws of 1885, ch. 68; Rev., 3268; C. S., 4639, which section and the one next following, sec. 4040, now

makes the legislative intent unmistakable that when there is evidence of a lesser offense than the capital one, the prisoner is entitled to have the benefit of it, under a proper charge as to its bearing in his favor or upon the case. There was evidence by the woman herself of an assault with a deadly weapon, and also plenary evidence of other crimes less than the capital felony. The woman testified that his first effort was a complete failure to accomplish his purpose; that while he threw her and raised her clothes, he desisted from any further attempt upon her person, saying that he could not use her there, and ordered her to go on in the woods for nearly a mile, when he again threw her down and had sexual intercourse with her two or three times, at some intervals, which he repeated once more in the same manner, while she was marching through the woods with him, and that he threatened her at times with his gun. There was evidence that the prisoner was guilty only of an act of immorality in having carnal connection with the prosecutrix, or that he committed fornication and adultery, and evidence presenting other and varying views of the case, which were not covered by the charge.

It was said in *S. v. Merrick,* 171 N. C., 788, 791, to have been held in numerous cases, and the position is in accord with high authority elsewhere, that where in an indictment for murder the law in this State permitting a verdict for a lesser grade of the crime, if there are facts in evidence tending to reduce the crime to manslaughter, it is the duty of the presiding judge to submit this view of the case to the jury under a correct charge, and his failure to do so will constitute reversible error, though the defendant may have been convicted for the higher offense, citing *S. v. Kennedy,* 169 N. C., 289; *S. v. Kendall,* 143 N. C., 659-664; *S. v. White,* 138 N. C., 704-715; *S. v. Foster,* 130 N. C., 666-673; *S. v. Jones,* 79 N. C., 630; *S. v. Matthews,* 148 Mo., 185; *Baker v. The People,* 40 Mich., 411. It is also said in the *Merrick case, supra:* "In *S. v. Kendall, supra,* it was held 'to be a principle very generally accepted that on a charge of murder, if there is any evidence to be considered by the jury which tends to reduce the crime to manslaughter, the prisoner, by proper motion, is entitled to have this aspect of the case presented under a correct charge, and if the charge given on this question is incorrect, such a mistake will constitute reversible error, even though the prisoner should be convicted of the graver crime, for it cannot be known whether, if the case had been presented to the jury under a correct charge, they might not have rendered the verdict for the higher offense,'" and further, it was said in *Merrick's case, supra:* "In *Foster's case, supra,* the present *Chief Justice,* delivering the opinion, said: 'If it had been clearly explained to the jury what constituted murder in the second degree, of which, through his counsel, he had admitted himself to be guilty, it may be that the jury would have

coincided with that view; but, in the absence of instruction on that offense, with only the issue of murder in the first degree placed before them with instructions only as to that offense, with evidence of the homicide, it may well be that the jury held against the prisoner, that he was guilty, simply because they were not informed as to the constituent elements of the lesser offense'; and for this omission a new trial was allowed, the prisoner having been convicted of murder in the first degree." In *S. v. Jones, supra,* a conviction for the capital crime of murder, it was held error to exclude from the jury the view of manslaughter, there being evidence tending to establish such crime.

We cannot agree that *S. v. Lance,* 166 N. C., 411, has been sufficiently distinguished by the Attorney-General from this case. It is true that in the *Lance case, supra,* there may have been a question as to whether it was rape or merely an assault, but that identical question is also in this case, and his reference to that question, as being the only one involved in the *Lance case, supra,* does not differentiate it from this one. It is said in the *Lance case, supra,* that there are any one of five verdicts which can be returned by the jury where there is the proper evidence to support the finding: rape, assault with intent to commit rape, assault with a deadly weapon, simple assault, and not guilty. In that case there may not have been sufficient evidence to support a verdict as to any one of them less than the capital felony, though even this was held by a much divided Court, *Justice Hoke* and the writer dissenting upon the ground that the court should have given an instruction as to the crimes of inferior grades embraced in the capital charge, as there was ample evidence to sustain a verdict for the lesser crime. But the case is strong, if not direct, authority for the position that, in this case, where there is evidence of the lesser crimes, the proper charge should have been given as to the inferior offenses included in the higher felony of rape, and this should have been done, whether there was or was not a special request for it. But really no authority is needed for so plain a proposition, as it is self-evident.

The evidence against the prisoner is of a very doubtful or questionable character, even the testimony of the prosecutrix herself. While the State insisted that she had testified that, in all the alleged attacks upon her in violation of her person, she had been forced against her will to submit to his embraces, and that she did not do so voluntarily, there is strong evidence that she did, and that sexual intercourse with the prisoner was not at all disagreeable, distasteful, or offensive to her. According to her own statement of the transaction, he threw her down when they were only about fifty yards from the edge of the woods, but did not then have his way with her, and then she went on with him further in the woods, about a mile, when he made his second attack successfully,

and, again farther on, he made a third attack and accomplished his purpose, and perhaps did the same thing still another time, they being in the woods altogether for several hours. In all this time she made no outcry, as far as appears, and, according to his testimony, did not attempt to resist any of the alleged assaults upon her. Her conduct, even according to her own version of it, tends to corroborate the prisoner's evidence that she had frequently expressed her willingness to meet the prisoner and favor his solicitations. They met casually on the morning of the alleged assault upon her, when he accosted her, reminded her of their previous agreement, and told her that the opportunity for its fulfillment had arrived, to which she made no denial or protest, but after walking away in the direction of Wilmington about fifty yards, she returned and assented to his suggestion, went into the woods with him voluntarily and voluntarily had sexual intercourse with him, at his will and pleasure, several times, remaining with him for a long time, walking about with him, and they did not separate until he had fully gratified his lustful passions and his further desires had subsided. She then went to the city, but told no one of what had happened, although she saw several people on her way back to the city, and did not make any complaint for some time. Her conduct was not, by any means, that of an outraged woman, and certainly not of a chaste or virtuous woman, but she acted in a perfectly natural and normal way of a lewd and lascivious female. It is unfortunately sometimes the way of a maid with a man, and conversely. We recite this much of the testimony to show how carefully judges should charge juries in such cases, so that they may subject the testimony to close examination and scrutiny, as the accusation is one very easy to make and very hard for the man to rebut, or overcome.

If the prisoner be guilty, he has committed one of the worst and most detestable crimes in the catalog, and should be severely punished, but before he is convicted of so grave a crime he should be fully heard, and all of the testimony should be most carefully weighed and considered.

The error in the charge entitles him to another jury, and it will be so certified, to the end that justice may be administered, without denial or delay, and in accordance with the law.

New trial.