STATE OF NORTH CAROLINA v. JERRY RAYMOND CRAIG

No. 7714SC814

(Filed 7 March 1978)

**Homicide § 12— indictment charging murder—conviction for assault upon female improper**

An indictment for murder could not support a conviction of assault upon a female since the indictment did not allege one of the essential elements of the crime of assault upon a female, that defendant was a male and the victim was a female.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 8 April 1977, in Superior Court, DURHAM County. Heard in the Court of Appeals 1 February 1978.

Defendant and Dolly Scott were charged in separate indictments with the murder of Francine Scott, an infant, on 3 December 1976. Dolly Scott, not involved in this appeal, was convicted of second-degree murder. Defendant was convicted of assault on a female and appeals from judgment imposing jail term of two years.

The testimony of a surgeon and two medical examiners for the State tended to show that Francine Scott was brought to a hospital and promptly an operation was performed which revealed that she had a subdural hematoma and torn veins around the brain, that a blood clot was removed but she died on the operating table. It was found that she had various bruises and abrasions on her hips, back, and head, lesions caused by cigarette burns, a forearm fracture about a week old, that the pattern of her injuries was consistent with the battered child syndrome, and that the fatal head injury had been caused by a trauma from one blow with a blunt instrument.

A Durham City Policeman testified that Dolly Scott, after warning and waiver by her of *Miranda* rights, made a statement that defendant was her boyfriend and lived with her and her daughter Francine; that on Friday (26 November 1976) she beat Fran once with a belt and again with a hard afro comb; on Saturday morning she again beat Fran with a belt for wetting the bed; she cleaned Fran, put her on the bed and again beat her with the belt, and continued to whip her until she fell off the bed. On Monday morning Fran threw a glass bowl on the floor, which made her (Dolly) mad, so she hit Fran twice with a wooden bed slat. On Tuesday morning she lifted Fran from the bed and threw her on the floor. On Wednesday Fran acted like she was hurting. On Thursday morning Fran fell out of the car. On Friday Fran poured washing powder on the floor, so she again beat her with a belt; about noon Fran began having trouble getting her breath, so defendant called an ambulance.

Ronald Martin, age 15, testified that he often visited in the home of Dolly Scott and defendant and had on several occasions found Fran shut up in the closet and tied to a bed post; that he

had seen defendant whip Fran with a belt on several occasions, the last time on 2 December 1976.

Defendant offered no evidence.

The trial court submitted to the jury the offenses of voluntary manslaughter, involuntary manslaughter, and assault upon a female.

*Attorney General Edmisten by Assistant Attorney General Elizabeth C. Bunting for the State.*

*B. Frank Bullock for defendant appellant.*

CLARK, Judge.

The one issue raised by this appeal is whether the indictment for murder supports the conviction of the crime of assault upon a female.

It is established in the criminal law that the greater crime includes the lesser, so that where an offense is alleged in an indictment, and the jury acquits as to that one, it may convict of the lesser offense when the charge is inclusive of both offenses. *State v. Williams*, 185 N.C. 685, 116 S.E. 736 (1923); *State v. Fritz*, 133 N.C. 725, 45 S.E. 957 (1903). G.S. 15-170 provides for the conviction of a crime of a lesser degree than the crime charged and for an attempt to commit the crime charged or crime of lesser degree. G.S. 15-169 provides for conviction of assault against the person as a lesser offense of a charge for rape "or any felony whatsoever, when the crime charged includes an assault against the person. . . ."

G.S. 14-33(b) treats the assault upon a female offense by providing in pertinent part that "any person who commits any assault . . . is guilty of a misdemeanor punishable by a fine, imprisonment for not more than two years, or both . . . if . . . he . . . (2) Assaults a female, he being a male person over the age of 18 years; . . ."

The essential elements of the assault upon a female crime are (1) assault and (2) upon a female person by a male person. It has been held that G.S. 14-33 merely prescribes the punishment, that the charge need not allege that defendant was over 18 years of age because it is not an essential element of the crime, and that if

defendant does not rebut the presumption that he is over 18 years of age, then the defendant may be sentenced to a larger term of imprisonment upon conviction of assault upon a female. *State v. Perry*, 291 N.C. 586, 231 S.E. 2d 262 (1977); 1 Strong's N.C. Index, Assault & Battery, § 7, p. 475. Thus, assault upon a female has been held to be a lesser offense of the charged crime of rape, or assault with intent to rape. *State v. Courtney*, 248 N.C. 447, 103 S.E. 2d 861 (1958); *State v. Morgan*, 225 N.C. 549, 35 S.E. 2d 621 (1945); *State v. Kiziah*, 217 N.C. 399, 8 S.E. 2d 474 (1940); *State v. Williams*, 185 N.C. 685, 116 S.E. 736 (1923); *State v. Jones*, 181 N.C. 546, 106 S.E. 817 (1921); *State v. Lance*, 166 N.C. 411, 81 S.E. 1092 (1914).

An essential element of the assault upon a female crime is that of sex—that defendant is a male and the victim a female. In *State v. Barham*, 251 N.C. 207, 110 S.E. 2d 894 (1959), it was held that a warrant charging that defendant, being a male person over 18 years of age, assaulted a named person without specifying the sex of such person, does not charge an assault upon a female, notwithstanding that the person named is a female. However, a charge of rape or assault with intent to rape does not ordinarily allege specifically that defendant is male and the victim female; apparently, this is assumed from the nature of the sex offense charged. There can be no such assumption when the indictment charges murder, in the form prescribed by G.S. 15-144, as in the case *sub judice*. All of the necessary elements of assault upon a female are not accurately alleged in the regular form indictment charging murder. See *State v. Perry*, 291 N.C. 586, 231 S.E. 2d 262 (1977). In *State v. Rorie*, 252 N.C. 579, 114 S.E. 2d 233 (1960), the indictment charged voluntary manslaughter, in the form prescribed by G.S. 15-144, and defendant was convicted of assault with a deadly weapon. It was held that since the character of the weapon used by defendant was not averred, the indictment would not support the verdict, that the indictment for murder or manslaughter should have been so drawn as necessarily to include an assault with a deadly weapon, or should include a separate count to that effect.

We conclude that because the indictment for murder did not contain allegations to include the necessary elements of the crime of assault upon a female, the indictment does not support the verdict. We vacate the judgment and dismiss the cause. The District Attorney may proceed against the defendant if he so elects, with,

a proper charge of assault on a female, or such other charge as he deems appropriate.

Vacated and dismissed.

Judges VAUGHN and ERWIN concur.