**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                      No. 98-4391

BRUCE ELLIOTT LITTLE,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-97-142-MU)

Argued: January 29, 1999

Decided: March 23, 1999

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brian Lee Whisler, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellant. Dean Michael Beer, Charlotte, North Caro-
lina, for Appellee. **ON BRIEF:** Mark T. Calloway, United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Bruce Elliott Little pleaded guilty and was convicted of bank robbery under 18 U.S.C.A.§§ 2113(a) (West 1984 & Supp. 1998) and 2 (West 1969 & Supp. 1998). Little objected, however, to the presentence report insofar as it relied upon an earlier North Carolina conviction for assault on a female as a predicate "crime of violence" in recommending that he be sentenced as a career offender under the United States Sentencing Guidelines (Sentencing Guidelines). The district court sustained Little's objection and sentenced him without employing the career offender enhancement. The Government now appeals the district court's decision to disregard the North Carolina assault-on-a-female conviction in determining career offender status as permitted by 18 U.S.C.A.§ 3742(b) (West 1985 & Supp. 1998). We agree that the determination of Little's sentence was improper and remand for resentencing.

I.

In October 1997, after being named in a two-count bill of indictment for federal bank robbery and larceny charges, Bruce Elliot Little entered into a plea agreement and pleaded guilty to bank robbery. The presentence report reflected that in 1990, Little was convicted of committing assault on a female under the law of North Carolina.[1] Adding the assault conviction to another reported conviction for common law robbery resulted in Little being categorized as a career offender under the Sentencing Guidelines. Section 4B1.1 of the Sentencing Guidelines states:

_____

[1] Assault on a female is a common law crime in North Carolina consisting of two essential elements: (1) assault, (2) upon a female by a male. See North Carolina v. Craig, 241 S.E.2d 704, 705 (N.C. App. 1978).

2

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1 (1997).

In Little's case, absent the career offender enhancement, his adjusted offense level was 20, but with the career offender enhancement his adjusted offense level was calculated to be 29. The difference in the adjusted offense level calculation translated into a significant disparity in the sentencing range: 70-87 months versus 151-188 months.

On April 28, 1998, Little appeared for sentencing, and the district court addressed Little's previously filed objections to the presentence report. Little specifically challenged the inclusion of the prior assault-on-a-female conviction as a predicate crime of violence in determining career offender status. Section 4B1.2(a) of the Sentencing Guidelines defines a crime of violence as any federal or state offense punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (1997). Little urged that a later statutory change in the penalty attached to a North Carolina conviction for assault on a female, from a two-year to a 150-day maximum sentence, precluded the conviction from being considered a crime of violence. The Government opposed Little's objection.

In addressing Little's objection, the district court expressed concern about the range of conduct that North Carolina courts accepted as constituting assault on a female, observing:

> In light of this court's experience and the district courts in North Carolina, the ease with which one may . . . become convicted of assault on a female while doing no assaulting

3

-- excuse me, while committing no battery, indicate that using that to enhance him to career offender overstates the seriousness of his criminal history . . . .

(J.A. at 21.) None of the records concerning the assault-on-a-female conviction were available and the district court was unable to determine whether Little actually engaged in behavior constituting a crime of violence. The uncertainty expressed by the district court prompted it to deviate from "the mechanistic approach that[courts] are called on in this circuit to make." (J.A. at 23.)

Instead of sentencing Little as suggested by the presentence report and as urged by the Government, the district court calculated Little's sentence without any enhancement for career offender status and imposed a sentence of eighty-seven months with a three-year term of supervised release. Little also was ordered to pay restitution.

The Government appeals the sentence imposed, claiming that the district court improperly determined that Little's conviction for assault on a female did not constitute a crime of violence under the Sentencing Guidelines.

II.

In reviewing this appeal, key to our determination is whether the district court chose to depart downward from the sentencing range established by the Sentencing Guidelines, as Little contends, or whether the district court made a preliminary finding that the assault-on-a-female conviction did not constitute a predicate crime of violence under the Sentencing Guidelines, as the Government argues. This initial question governs the appropriate standard of review.

We have previously stated that this "court reviews the district court's designation of [a defendant] as a career offender de novo." United States v. Johnson, 114 F.3d 435, 444 (4th Cir.), cert. denied, 118 S. Ct. 257 (1997). We, however, have also permitted district courts some discretion in applying the Sentencing Guidelines and have allowed downward departures if "`career offender' status exaggerates the defendant's prior offenses." United States v. Adkins, 937

4

F.2d 947, 951 (4th Cir. 1991). If a district court departs from the Sentencing Guidelines, this Court is to review the departure using an abuse of discretion standard, taking into account the structure and theory of the Sentencing Guidelines. See United States v. Hairston, 96 F.3d 102, 106-07 (4th Cir. 1996).

A.

We must therefore look to the record from the sentencing proceedings to determine the basis employed by the district court in sentencing Little. There are four factors that lead us to believe that the district court concluded that Little's assault-on-a-female conviction did not rise to the level of a crime of violence, rather than employing its discretion to depart downward. The first three are statements made by the district court during Little's sentencing hearing.

The first statement indicates that the district court would not accept the assault-on-a-female conviction as a predicate crime of violence absent facts concerning the actual circumstances of the crime. After asking the probation officer whether facts concerning the case were available and hearing that none were, the district court stated that "this court's experience [with] the district courts in North Carolina" demonstrated that a defendant could be convicted of assault on a female without committing a battery. (J.A. at 21.) The district concluded "that using that [conviction] to enhance him to career offender overstates the seriousness of his criminal history, objection sustained." (J.A. at 21.) Admittedly, there is some ambiguity in this statement because of the reference to overstating Little's criminal history -- possibly a statement establishing reasoning for a departure. But that statement concluded, "objection sustained." (J.A. at 21.) That ruling was an obvious reference to Little's objection to the use of the assault-on-a-female conviction as a part of the predicate required for career offender status. It was not an indication that the district court intended to depart downward.

The second statement was made moments later in response to an argument made by the Government. The Government contended that an earlier judgment, made by that same district court, used an assault-on-a-female conviction as a predicate for career offender status. That ruling was upheld on appeal to this Court. See United States v.

5

Johnson, 114 F.3d 435, 444-45 (4th Cir.), cert. denied, 118 S. Ct. 257 (1997).**2** In response the district court stated:

> Was it Winston Churchill that said consistency is the hob-goblin of small minds? I have become increasingly concerned about the application of assault on a female to arrive at career offender status. I realize what the guidelines say. I know that I can do it, the question is whether I ought to or not. And absent circumstances that lead me to conclude that I ought to, what we are faced with here is just a record that could have been as simple as a shouting match that called for police intervention. We simply don't know.
>
> And so what I am faced with is as a judge, I have become increasingly squeamish about the harshness of the guidelines under circumstances like this. I don't believe that the drafters of the guidelines envisioned the mechanistic approach that we are called on in this circuit to make, and so I am disposed to find against the government on this particular point.

(J.A. at 23.) This pronouncement by the district court acknowledged that it had changed its past position and was now unwilling to consider assault on a female as a predicate crime of violence absent an understanding of the surrounding circumstances. It was not an indication that the district court intended to depart downward.

The third statement made by the district court leaves no doubt that Little's sentence was calculated without using assault on a female as a foundation to establish career offender status. The district court said:

> [Little's counsel] made the objection. Nobody has filed a motion from the government saying if his objection is sustained, we want an upward departure. So I am where I am . . . objection sustained. . . . [W]e find Mr. Little at a 20 and

_____

**2** Note that we do not comment on the accuracy of the Government's argument, but merely explain it so that the district court's statements may be understood in context.

a criminal history category at 6, the guideline range, 70 to 87 months.

(J.A. at 25.) Thus, at Little's sentencing hearing there was no calculation of his sentence under the career offender enhancement and then a downward departure -- the district court simply did not consider the assault-on-a-female conviction as a crime of violence in determining career offender status.

The fourth and final factor that we consider in making our determination is the written judgment issued by the district court. In the body of the judgment, the district court specifically stated that it accepted the presentence report, except that it did not agree with the finding that Little was a career offender. Furthermore, it stated that the sentence was imposed in accordance with the guideline range, making no reference to a downward departure. The oral pronouncement and written entry of sentence irrefutably indicates that the Government is correct in its argument that the district court refused to consider the assault on-a-female conviction as a crime of violence in determining the appropriate sentence for Little.

Because this determination was an application of the Sentencing Guidelines and not a downward departure within the district court's discretion, we review the decision de novo. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir. 1996). Whether the district court could properly exercise its discretion to depart downward in these circumstances is not a question before the Court, and thus we decline to address that issue.

B.

Little's original objection to using the earlier conviction as a predicate crime in calculating career offender status was that, subsequent to Little's conviction, the penalty for assault on a female was reduced below the threshold level for crimes of violence under the Sentencing Guidelines. This Court plainly rejected that argument in Johnson, 114 F.3d at 445, an opinion in which we specifically decided that a North Carolina conviction for assault on a female was to be considered in accordance with the provisions of the offense in effect at the time of conviction and not in light of later amendments. Little's argument,

7

therefore, does not present an acceptable ground for omitting consideration of his assault-on-a-female conviction in determining career offender status.

The ground that the district court relied upon -- whether the facts giving rise to the conviction warranted classifying the offense as a crime of violence -- also has been previously considered by this Court. In United States v. Wilson, 951 F.2d 586 (4th Cir. 1991), we stated:

> [T]he plain language of the Guidelines contemplates a legal rather than a factual approach to determining which offenses qualify as crimes of violence. First, the career offender provision is triggered by a defendant's "prior felony convictions," not his prior criminal conduct. Hence, the relevant determination is whether the defendant was convicted of a given offense, not whether he engaged in certain conduct. Second, the Guidelines' definition clearly mandates a categorical approach by focusing the inquiry on the elements of the offense rather than the particular conduct involved.

Id. at 588 (citation omitted).**3** The Supreme Court has also endorsed this position, stating that "the practical difficulties and potential unfairness of a factual approach are daunting." Taylor v. United States, 495 U.S. 575, 601 (1990) (applying 18 U.S.C. § 924(e)). Courts in this Circuit are, therefore, bound to consider only the elements of the convicted offense in deciding whether the defendant committed a crime of violence, and not the defendant's conduct.

Applying the definition of a crime of violence to Little's conviction for assault on a female establishes that the conviction does fit the definition. A crime of violence is defined in the Sentencing Guidelines as:

_____

**3** We note that if the definition of the prior crime under consideration is ambiguous, then it is appropriate to look to the charging document to determine the circumstances of the convicted conduct. See United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998). As we explain, however, we do not believe there is any ambiguity in North Carolina's definition of assault on a female.

8

"[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. §4B1.2(a) (1997). Assault on a female is defined by the State of North Carolina as "(1) assault and (2) upon a female person by a male person." North Carolina v. Craig, 241 S.E.2d 704, 705 (N.C. App. 1978). The North Carolina courts have defined assault in this context "as an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." North Carolina v. Jefferies, 291 S.E.2d 859, 860-61 (N.C. App. 1982). Finally, the maximum sentence for assault on a female in 1990 was two years imprisonment. See N.C. Gen. Stat. § 14-33 (1990). Little's 1990 conviction for assault on a female contained all of the elements necessary under the Sentencing Guidelines to be classified as a crime of violence including force, attempted force, or threat of force and a possible term of imprisonment exceeding one year. We have no choice but to conclude that the district court erred in its application of the Sentencing Guidelines when it declined to consider Little's assault-on-a-female conviction as a predicate crime in determining whether Little should be classified as a career offender.

III.

Based on the foregoing, we reverse Little's sentence and remand to the district court for resentencing in accordance with this opinion.

REVERSED AND REMANDED

9