STATE OF NORTH CAROLINA v. SAMMIE LEWIS AUSTIN

No. 6926SC89

(Filed 30 April 1969)

**Criminal Law §§ 86, 117— cross-examination of defendant as to prior convictions — consideration by jury — request for instructions**

Where defendant on cross-examination admits prior unrelated criminal convictions and requests the court to give the jury special instructions as to how such evidence may be considered, failure of the court to instruct the jury that admissions as to such convictions are not competent as substantive evidence but are competent only for the purpose of impeaching defendant as a witness constitutes prejudicial error.

APPEAL by defendant from *Falls, J.,* 21 October 1968 Schedule "A" Session of Superior Court of MECKLENBURG County.

Sammie Lewis Austin (defendant) was tried on three warrants and one bill of indictment. The cases were consolidated by the court upon motion of the State and without objection on the part of the defendant.

In cases numbered 53-733 and 53-734 the defendant was charged in warrants with the offense of simple assault. The victim in one case was alleged to be H. P. Hollifield, and in the other case the victim was alleged to be J. F. Durham. Both crimes were alleged to have occurred on 4 September 1968.

In case numbered 53-735 the defendant was charged in a warrant with the offense of resisting arrest. It is alleged that the officers resisted were Charlotte Police Officers J. F. Durham and H. P. Hollifield. The crime was alleged to have occurred on 4 September 1968.

In case numbered 53-736 the defendant was charged in a bill of indictment with the offense of common-law robbery. The victim was alleged to be Marie Antionette Rozzell, and the amount taken was $50 in money. The crime was alleged to have occurred on 4 September 1968.

Defendant entered pleas of not guilty to each charge. Trial was by jury. The jury found the defendant guilty of simple assault in case #53-733, of resisting arrest in case #53-735, and of common-law robbery in case #53-736. In case numbered 53-734 the State took a *nol pros.*

The judgment of the court in the common-law robbery case, #53-736, was that the defendant be imprisoned in the State's prison for not less than seven nor more than ten years.

In the resisting arrest case, #53-735, the judgment was imprisonment for two years in the common jail of Mecklenburg County, this sentence to run concurrently with the sentence imposed in the common-law robbery case.

In the simple assault case, #53-733, the judgment was imprisonment for thirty days in the common jail of Mecklenburg County, this sentence to run concurrently with the sentence imposed in the common-law robbery case.

From the judgments imposed, the defendant, assigning error, appeals to the Court of Appeals.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorney Robert G. Webb for the state.*

*William L. Pender for the defendant appellant.*

MALLARD, C.J.

The defendant contends that the trial court committed error in refusing defendant's request through his counsel to instruct the jury as to how they should receive evidence of defendant's previous convictions.

The following occurred, which is part of what the defendant calls his "Assignment of Error #1," while the solicitor for the State was cross-examining the defendant who testified but did not otherwise put his character in issue:

"Q.: What have you been tried and convicted of, Mr. Austin? Just tell this jury what you have been tried and convicted of?

MR. PENDER: I request special instruction to the jury how they are supposed to consider any evidence . . .

THE COURT: I will."

Thereafter, the defendant in answer to questions gave testimony as to his prior convictions of the criminal law. The trial court did not then or later instruct the jury concerning the limited and restricted purpose for which such evidence was competent.

Absent a request in apt time to limit and restrict such evidence to impeachment purposes, the trial judge is not required to give such instructions. *State v. Goodson*, 273 N.C. 128, 159 S.E. 2d 310.

However, the defendant contends that the above request was sufficient to require the court to limit and restrict the testimony concerning the defendant's prior criminal record.

STATE *v.* AUSTIN

"Where evidence competent for some purposes, but not for all, is admitted generally, counsel must ask, at the time of admission, that its purpose shall be restricted." Stansbury, N.C. Evidence 2d, § 27.

We think that the above request coming at the time it did, and under the circumstances shown by this record, required the judge to instruct the jury that admissions by the defendant on cross-examination of his prior unrelated criminal record were not to be considered by the jury as substantive evidence, that they were competent only for the purpose of impeaching the defendant as a witness, if the jury should find that such did impeach him.

The case of *State v. Norkett,* 269 N.C. 679, 153 S.E. 2d 362, is similar to the present case and states the rule clearly. There, the Court said:

"Defendant testified, but did not otherwise put his character in issue. For purposes of impeachment, he was subject to cross-examination as to convictions for unrelated prior criminal offenses. However, admissions as to such convictions are not competent as substantive evidence but are competent as bearing upon defendant's credibility as a witness. Stansbury, *op. cit.,* § 112; *S. v. Sheffield,* 251 N.C. 309, 312, 111 S.E. 2d 195, 197.

Under these circumstances, defendant was 'entitled, on request, to have the jury instructed to consider (this evidence) only for the purposes for which it is competent.' Stansbury, *op. cit.,* § 79; *S. v. Ray,* 212 N.C. 725, 729, 194 S.E. 482, 484. It is noteworthy that, prior to the adoption of the rule now included in Rule 21, Rules of Practice in the Supreme Court, 254 N.C. 803, a defendant was entitled to such instruction even in the absence of request therefor. *S. v. Parker,* 134 N.C. 209, 46 S.E. 511; *Westfeldt v. Adams,* 135 N.C. 591, 47 S.E. 816."

Failure to give the requested instruction was prejudicial error for which defendant is entitled to a new trial.

New trial.

BRITT and PARKER, JJ., concur.