STATE OF NORTH CAROLINA v. CHANCY JUNIOR SAWYER

No. 752SC1026

(Filed 19 May 1976)

Assault and Battery § 14— putting hand on gun — sufficiency of evidence of assault

Evidence that defendant put his hand on a gun which was lying on the dashboard of his truck, defendant instructed the victim not to go to his truck, and the victim got into a boat and left the place where defendant was, was sufficient to raise an inference that defendant's overt act, coupled with his threat, was a sufficient show

of force to put a person of reasonable firmness in fear of immediate bodily harm; therefore, the evidence was properly submitted to the jury in a prosecution for assault.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 20 October 1975 in Superior Court, HYDE County. Heard in the Court of Appeals 6 April 1976.

The defendant, Chancy Junior Sawyer, was charged in a warrant, proper in form, with assault on Clafton Williams. The defendant pleaded not guilty but was found guilty by the jury. From a judgment that defendant be imprisoned for thirty days, suspended for one year on payment of a fine, defendant appealed.

*Attorney General Edmisten, by Associate Attorney William A. Raney, Jr., for the State.*

*G. Irvin Aldridge for defendant appellant.*

HEDRICK, Judge.

This appeal presents the single question of whether the evidence was sufficient to require submission of the case to the jury and to support the verdict. The defendant offered no evidence. Evidence offered by the State tended to show the following:

George Clafton Williams was a commercial fisherman living in Sladesville, North Carolina. On 1 March 1975, at about 3:00 p.m., he and Murphis Credle were at a dock off River Shore Road, where Williams kept his boat, preparing to go out and pull in some nets that Williams had set earlier in the day. The defendant drove up in his truck and stopped behind Williams's truck. He spoke to Williams: "How come you run over my nets last night?" Williams replied that he was not even down there. The defendant then "threw" his hand on a pistol in a holster lying on the dashboard of his truck and said to Williams: "Don't go to your truck." Williams testified: "I would say Mr. Sawyer's statements worried me because if I had gone back to my truck I would have been done. He had done forbid me from going in there." Williams did not go back to the truck. Instead, he and Credle got into the boat and went out to pull in the nets. When they left, the defendant was still parked up on the bank.

The North Carolina Supreme Court in *State v. Roberts,* 270 N.C. 655, 155 S.E. 2d 303 (1967), set forth the following definition of assault:

"The court generally defines the common law offense of assault as 'an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.'" (Citations omitted.) *Id.* at 658.

When the evidence is considered in the light most favorable to the State, in our opinion, it is sufficient to raise an inference that the overt act of defendant in putting his hand on the gun, coupled with the threat, was a sufficient show of force to put a person of reasonable firmness in fear of immediate bodily harm. This assignment of error is not sustained. The judgment appealed from is affirmed.

No error.

Judges MORRIS and ARNOLD concur.