STATE OF NORTH CAROLINA v. ERNEST DUPREE AND TONY
TERRY

No. 754SC891

(Filed 21 July 1976)

1. Criminal Law §§ 89, 95— corroborative evidence — no limiting instruc-
tion when evidence admitted

      The trial court did not err in failing to instruct the jury on the
purpose of corroborative evidence at the time of its admission where
the court thereafter gave limiting instructions in its charge to the jury.

2. Criminal Law § 112— instructions on reasonable doubt

      The charge of the court, when read contextually, did not limit the
question of reasonable doubt to the evidence of the case but made it
clear that lack of evidence could be considered by the jury.

3. Criminal Law § 114— instructions — witness as accomplice — no ex-
pression of opinion

      The trial court's instruction that a State's witness "is what the
court will classify as an accomplice" did not constitute an expression
of opinion as to the guilt of defendants when it is considered with
the court's further instructions on defendants' contentions that they
were not accomplices and on the duty of the jury to scrutinize the
testimony of the witness if it found he was an accomplice.

ON *writ of certiorari* to review judgments of *Perry Martin,
Judge,* entered 10 January 1975, in Superior Court, ONSLOW
County. Heard in the Court of Appeals 18 February 1976.

      Defendants were charged in a bill of indictment with armed
robbery. After entering a plea of not guilty they were tried and
found guilty as charged. The State's evidence tended to show
that Alvin Sliger was in a phone booth making a call when he
was joined by a man he identified as Jarvis Carr. Carr pulled
a knife on Sliger and demanded his money. Sliger resisted and
Carr pointed to a man outside the booth saying that he had a
gun. The man outside was identified as the defendant Ernest
Dupree. Sliger gave Carr his money after which Carr and
Dupree ran away. Sliger followed them in his automobile until
he saw that they were headed for a parked vehicle, with a third
man in the driver's seat. Dupree jumped into the vehicle; Carr
continued running. Sliger then rammed into the rear of the vehi-
cle with his own automobile. The vehicle took off. Sliger chased
the automobile for a while, got the license plate number, and
called the police.

State v. Dupree

Jarvis Carr testified for the State. He stated that Ernest Dupree was the man inside the phone booth and that he waited outside the booth. He identified the man who was driving the car as the defendant Tony Terry and added that after the robbery, Terry, Dupree and he returned to their apartment and divided the money.

Dupree testified that Carr had stated that he needed to make a phone call and asked to be let out of the car as they went by the booth. Carr asked Dupree to go with him, which Dupree did. Dupree did not know Carr's intention until they got to the phone booth and Carr stepped inside. Dupree panicked and started to run away but then returned. By this time Carr had taken the money and the two men ran off together. Tony Terry testified that he did not know what was happening until the robbery was completed. He stated they never discussed robbing anyone.

On rebuttal the State offered evidence tending to show that Terry and Dupree did have prior knowledge of what transpired on the evening in question.

The defendants appealed from judgments imposing sentences of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Edward G. Bailey, for defendants.*

MARTIN, Judge.

[1] Defendants first contend that the court erred in failing to instruct the jury with regard to the nature and character of corroborative evidence immediately upon its admission. "Although a preferable procedure would have been for the court to give the requested instruction at the time the request was made and in conjunction with the admission of this evidence," *State v. Branch,* 288 N.C. 514, 534, 220 S.E. 2d 495, 509 (1975), no prejudicial error was committed here since the court, in its charge, correctly instructed the jury to limit the proffered testimony to corroborative purposes. The record shows that the purpose for which the evidence was being received was announced in the presence of the jury by defense counsel. The judge agreed with his request for an instruction and agreed to give the requested instruction in his final charge, which he

did. The instruction having been given, this assignment of error is overruled.

Defendants next contend that the court erred in overruling their motions for nonsuit. We find no merit in this contention. Considering the evidence in the light most favorable to the State, it is apparent that there was sufficient evidence for the jury to consider in reaching its findings and verdicts. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971).

[2] The defendants' third contention is that the court erred in its charge as to the definitions of reasonable doubt. They contend the court failed to charge that reasonable doubt can arise from a lack of evidence. In the recent case of *State v. Butler*, 21 N.C. App. 679, 205 S.E. 2d 571 (1974), Judge Campbell wrote on this point as follows:

> "No error was committed in the instant case for the judge did not charge 'that a reasonable doubt is a doubt based upon reason and common sense and growing out of the evidence in the case.' It is when those words are used that it is error not to go further and add 'or the lack of evidence or from its deficiency.'"

In the instant case the judge charged the jury:

> "A reasonable doubt as that term is employed in the administration of criminal law would be an honest substantial misgiving. A misgiving ordinarily generated by the insufficiency of the evidence and an insufficiency which failed to satisfy your conscience and reason as to the guilt of the accused."

The charge, read contextually, did not limit the question of reasonable doubt to the evidence of the case. The charge made it clear that lack of evidence could be considered by the jury. Moreover, the judge thoroughly explained the reasonable doubt standard. The instruction is free from prejudicial error.

[3] Finally, defendants argue that the trial judge, in his charge to the jury, expressed an opinion as to the guilt of defendants by calling the State's witness Carr an accomplice of the defendants. When restating the testimony of Carr, the judge said:

> "Mr. Carr testified in this case and Mr. Carr is a defendant but he is not on trial before this jury. He is what the

In re McMillan

court will classify as an accomplice and I will describe that to you in some greater detail later on."

Defendants contend they were prejudiced by this statement.

Following his restatement of the evidence, the judge gave instructions on credibility, the manner in which the jury was to consider the evidence and how the jury was to consider the testimony of the defendants. At this point, as part of the charge concerning the credibility of defendants as witnesses, the judge carefully pointed out defendants' contentions that they were *not* accomplices. He defined the term "accomplice," discussed the manner in which the jury should treat the testimony of an accomplice, and added:

" . . . Mr. Carr is not on trial with these defendants. If you find that the witness [Mr. Carr] was an accomplice you shoud likewise examine his testimony with care and caution.

*If* after doing so, however, you believe his testimony then you should give it the same credibility that you would any other believable evidence which you have heard in this case." (Emphasis added.)

Finally, the judge was careful to state that he had no opinion in the case. Taken in their totality, the judge's instructions do not amount to prejudicial error.

The defendants had a fair trial free of prejudicial error.

No error.

Judges BRITT and HEDRICK concur.