STATE OF NORTH CAROLINA v. EDDIE COLUMBUS DeBERRY

No. 7819SC586

(Filed 7 November 1978)

1. Criminal Law § 46.1— evidence of flight—remoteness

In a prosecution for armed robbery, the trial court properly admitted testimony that defendant fled the courtroom when the case first came on for trial some six months after defendant's arrest, since remoteness goes only to the weight and not to the admissibility of the evidence of flight.

2. Criminal Law § 86.7— defendant's criminal record—limiting instructions

Although it would have been the better practice for the court to have given a requested limiting instruction on evidence of defendant's criminal record at the time the request was made and in conjunction with the admission of the evidence, defendant was not prejudiced by the court's failure to give the limiting instruction at that time where the court did give a proper limiting instruction in its charge to the jury.

3. Criminal Law § 96— allowance of motion to strike—failure to instruct jury not to consider answer

Where the trial court promptly allowed a motion to strike a witness's unresponsive answer, defendant was not prejudiced by the court's failure to instruct the jury not to consider the unresponsive answer.

4. Criminal Law § 138— armed robbery—sentence and recommendation

The trial court did not abuse its discretion in sentencing defendant upon his conviction of armed robbery to a term of not less than 30 nor more than 40 years and in recommending that he "serve this sentence at hard labor without the benefit of parole, commutation, work release or community leave."

APPEAL by defendant from *Albright, Judge.* Judgment entered 1 March 1978 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 19 October 1978.

Defendant was indicted for armed robbery, convicted by a jury, and setenced to 30 to 40 years.

State's evidence tended to show that Alvin Mason was operating his taxi at about 9:30 p.m. on 6 February 1977 when

State v. DeBerry

defendant robbed him of over $8,000 in cash while holding a straight razor to Mason's throat. Shortly after defendant was arrested, Mason identified him from a lineup. Approximately $7,000 was found in defendant's home, and Mason identified certain silver certificates and $100 bills among the cash recovered as being his.

Defendant's evidence tended to show that he was at his sister's home at the time of the robbery and that a friend named Calvin came to defendant's home on the night of the robbery and paid defendant to permit him to hide the money in defendant's home.

Other pertinent facts will be stated below. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Lucien Capone III, for the State.*

*Charles H. Dorsett, for defendant appellant.*

ERWIN, Judge.

Defendant presents four arguments on this appeal. After having carefully examined them, we conclude that defendant received a fair trial, free of prejudicial error.

[1]  First, he contends that it was error to allow testimony that he had fled the courtroom in July 1977, when the case first came on for trial. Defendant remained at large until January 1978. He argues that the evidence of flight has "doubtful probative value" and that the escape occurred some six months after his arrest, making the evidence too remote and prejudicial. Defendant cites *State v. Self*, 280 N.C. 665, 187 S.E. 2d 93 (1972), for the proposition that while an accused's flight is admissible as evidence of guilt, such flight must have occurred shortly after the crime's commission to render such evidence admissible. We do not, however, construe that case as rendering inadmissible evidence of defendant's flight herein. In *Self*, the flight occurred 16 days after the offenses.

We do not quarrel with defendant's assertion that plausible explanations for flight, other than guilt of the offense charged, can be advanced, particularly when flight is removed from the

crime by a considerable period of time. Remoteness, however, goes only to the weight of the evidence, not to its admissibility. Our Supreme Court held as follows in *State v. Irick*, 291 N.C. 480, 494, 231 S.E. 2d 833, 842 (1977):

> "[S]o long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged, the instruction is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper." (Citation omitted.)

*See also State v. Jones*, 292 N.C. 513, 234 S.E. 2d 555 (1977); *State v. Self, supra.*

**[2]** Defendant next contends that the trial court erred in failing to give requested limiting instructions when evidence of his past criminal record was first introduced. The trial court did, however, instruct as follows in its charge to the jury:

> "Members of the Jury, the defendant has testified that at an earlier time he was convicted of breaking and entering and larceny on two or three occasions. The Court charges you that you may consider this evidence for one purpose only. If, considering the nature of the crime, you believe that this bears on truthfulness, then you may consider it together with all other facts and circumstances bearing upon the defendant's truthfulness in deciding whether you will believe or disbelieve his other testimony at this trial. It is not evidence of the defendant's guilt in this case, however. You may not convict him on the present charge because of something he may have done in the past."

Defendant does not except to the above portion of the charge and in his brief concedes that it was a proper instruction. He argues that it should have been given promptly as requested following the prosecution's question, "What have you been convicted of?" Defendant relies on *State v. Norkett*, 269 N.C. 679, 153 S.E. 2d 362 (1967), and *State v. Austin*, 4 N.C. App. 481, 167 S.E. 2d 10 (1969), in support of this argument. In both cases, however, the trial court failed to give a limiting instruction at any time, even though indicating that it would do so. Here, although better practice may have been for the court to have given the requested in-

struction at the time the request was made and in conjunction with the admission of the evidence, we see no prejudicial error, since the trial court, in its charge, gave a correct limiting instuction. *See State v. Branch*, 288 N.C. 514, 220 S.E. 2d 495 (1975), *cert. denied*, 433 U.S. 907 (1977); *State v. Dupree*, 30 N.C. App. 232, 226 S.E. 2d 670 (1976). We observe that when counsel objected and requested a limiting instruction, no answers as to past convictions had yet been given. The trial court responded, "All right, what do you contend *at this stage* I should instruct the jury on?" (Emphasis added.) Defendant did not renew his objection and request a limiting instruction after the answers had been given. At the time of objection and request, the trial court had no way of knowing to what purpose, if any, the evidence to be elicited should be limited. Indeed, at that point, defendant might have responded that he had been convicted of nothing. Thus, defendant may not have even been entitled to a limiting instruction. He received one in any event.

[3] Defendant's next contention pertains to a portion of the testimony of one of the State's witnesses, Chief Jailer Johnny Smith. While defendant was confined in the county jail, he requested to see the robbery victim, Mason. Defendant met with Mason in Smith's office. Defendant excepts to the following:

"Q. Did the defendant . . . make any statement to Alvin Mason about returning Mr. Mason's money?

A. Not to my knowledge. I was there for protection for Mr. Mason as a jailer.

MR. DORSETT: I object to that and move to strike.

COURT: Well, objection sustained, motion allowed."

Defendant contends that the trial court should have gone further, instructing the jury to disregard Smith's testimony. Again, we see no prejudicial error. Upon allowing a motion to strike an unresponsive answer, it is proper procedure for the court immediately to instruct the jury not to consider the answer. The court did, however, promptly allow the motion to strike, a ruling the jury could only interpret as meaning that Smith's answer was not to be regarded as evidence. *See State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974); *Moore v. Insurance Co.*, 266 N.C. 440, 146 S.E. 2d 492 (1966).

**[4]** Finally, defendant argues that the trial court abused its discretion in sentencing him to a term of not less than 30 nor more than 40 years and recommending that he "served this sentence at hard labor without the benefit of parole, commutation, work release or community leave." Where, as here, the sentence is within statutory limits, the punishment imposed is a matter of trial court discertion. *State v. Barrow*, 292 N.C. 227, 232 S.E. 2d 693 (1977); *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). We see no abuse of that discretion.

Based on the foregoing, in the trial below, we find

No error.

Judges CLARK and ARNOLD concur.