STATE OF NORTH CAROLINA v. DON JUAN JEFFRIES

No. 8118SC1171

(Filed 1 June 1982)

**1. Rape and Allied Offenses § 6.1— insufficient evidence to support an instruction on assault on a female**

In a prosecution for second degree rape, the trial court properly failed to submit to the jury the offense of assault on a female since the State's evidence tended to show that defendant forced the prosecutrix to have intercourse against her will and defendant's evidence tended to show that the prosecutrix and he consensually engaged in sexual intercourse.

**2. Rape and Allied Offenses § 6.1— failure to instruct on assault on a female proper**

Defendant's evidence that the prosecutrix and he engaged in consensual sexual intercourse and that during the intercourse he hit her after she hit him did not support an instruction on assault on a female since defendant was indicted for second degree rape only.

**3. Criminal Law § 122.2— additional instructions upon finding jury deadlocked**

Instructions given to a jury after it had been deliberating for several hours and after the jury foreman informed the court that the jury was deadlocked in an eleven to one vote were not erroneous in that they substantially conformed to the guidelines in G.S. § 15A-1235.

**4. Criminal Law § 46.1— flight of defendant from first . trial—admissible as evidence of guilt**

The trial court did not err in admitting into evidence testimony regarding the defendant's flight from his first trial since the testimony could be admitted as some evidence of guilt. The only matters presented to the jury were that defendant was earlier tried for the same offense at issue in the present case, that he had no attorney at that first trial, and that he had fled during the course of the trial. The evidence did not show that defendant was convicted, and the challenged evidence was not an instance of the prejudice so outweighing the probity as to require its exclusion. Further, defendant failed to move to suppress the exclusion of the evidence as being constitutionally required, and that is the exclusive method of challenging such evidence. G.S. § 15A-971 *et seq.*

Judge BECTON concurring in the result.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 13 March 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 27 April 1982.

Defendant was charged in a proper bill of indictment with second degree rape. A jury found defendant guilty as charged,

and the court entered a judgment imposing a prison sentence of no more than twenty-five nor less than twenty years. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

HEDRICK, Judge.

[1] By his first assignment of error, defendant argues that "[t]he trial court committed reversible error . . . when it withdrew the possible verdict of assault on a female from the jury's consideration." Defendant argues that there was evidence of his commission of assault on a female, and that such offense was a lesser included offense which should have been submitted to the jury.

> If all the evidence tends to show that the crime charged in the bill of indictment was committed, and there is no evidence tending to show commission of a crime of lesser degree, the court correctly refuses to charge on the unsupported lesser degree and correctly refuses to submit lesser degrees of the crime charged as permissible verdicts.

*State v. Allen,* 297 N.C. 429, 434, 255 S.E.2d 362, 365 (1979).

In the present case, the State presented evidence tending to show, *inter alia,* that on 10 December 1978, defendant grabbed Sheila Smith and pulled her onto his lap despite her telling him "No" when he beckoned her to sit with him, and despite her burning him with a cigarette; that Smith tried to break away but defendant held onto her and threw her on a bed and started kissing her and pressing his body down on her, despite her crying and her pleas that he stop; that he forcefully wrestled with Smith and, despite her continued resistance and further pleas and threats to presecute, forcibly removed Smith's pants and other clothing; that Smith continued to try to push defendant off of her and that she hit him in the face with her fist and he struck her in retaliation; and that despite Smith's continued struggling and efforts at avoiding defendant, defendant succeeded in having sexual intercourse with Smith, without Smith's consent. Defendant's evidence tended to show that on 10 December 1978 he sat on a

bed beside Smith and put his arms around her and kissed her; that she put her arms around him and responded to him; that she then consensually engaged in sexual intercourse with defendant; and that during the course of their intercourse, she hit him "up side of the head and told . . . [him] to slow down, and [he] hit her back."

The evidence in the present case presents two sets of occurrences which arguably could constitute assault on a female. The first set of occurrences consists of defendant's wrestling with Smith, kissing her, and pressing his body on hers. The question, therefore, is whether the evidence of these occurrences, coupled with defendant's evidence that Smith consented to having intercourse with defendant, is evidence of the lesser included offense of assault on a female.

Assault is a requisite element of assault on a female, *State v. Craig*, 35 N.C. App. 547, 241 S.E.2d 704 (1978), and is defined as an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm. *State v. Sawyer*, 29 N.C. App. 505, 225 S.E.2d 328 (1976). Although defendant's wrestling, kissing, and pressing himself against another without that other's consent may constitute assault, when such acts are merely the preliminaries to consensual sexual intercourse they can hardly suffice as an overt act of force and violence to do harm to another sufficient to put a reasonable person in fear of bodily harm. In the present case, the occurrences portrayed by defendant's evidence involve nothing more than consensual contact between Smith and defendant, prior to their act of intercourse; such contact could not constitute assault. The evidence under consideration presents a situation in which the jury could not reasonably find that defendant's intercourse with Smith was consensual and therefore that he did not commit the offense charged in the indictment, but that he did commit the lesser included offense of assault on a female; hence, with respect to the first set of circumstances, it was not error to withdraw the lesser included offense from the jury's consideration. *See State v. Lampkins*, 286 N.C. 497, 212 S.E.2d 106 (1975), *cert. denied*, 428 U.S. 909, 49 L.Ed.2d 1216, 96 S.Ct. 3220

(1976). This ruling is further bolstered by the following quote from *State v. Davis*, 291 N.C. 1, 13 229 S.E.2d 285, 293 (1976):

> [I]n prosecutions for rape . . . [,] when all the evidence tends to show a completed act of intercourse and the only issue is whether the act was with the prosecuting witness's consent or by force and against her will, it is not proper to submit to the jury lesser offenses included within a charge of rape.

If the jury believed defendant's evidence that his contact with Smith was with her consent, then it would have to find defendant not guilty of second degree rape; he could not be guilty of assault on a female.

[2] Defendant offers another set of circumstances which he argues constituted evidence of the lesser included offense of assault on a female; these circumstances, which were testified to by both the prosecutrix Smith and the defendant, are that defendant hit Smith in the face while trying to have intercourse with her after she hit him. The question this set of circumstances poses is whether defendant's evidence that he had consensual sexual intercourse with Smith and that he hit her after she hit him constitutes evidence of the lesser included offense of assault on a female.

"[O]ffenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proven in the trial of the other . . . ." *State v. Freeman*, 162 N.C. 594, 596, 77 S.E. 780, 781 (1913). The circumstances presently under consideration constitute evidence that defendant committed two separate and distinct offenses. First, there was evidence tending to show his commission of second degree rape, which, according to G.S. § 14-27.3, is vaginal intercourse with another person by force and against the will of that other person; second, there was evidence that defendant committed an assault on a female completely independent of and distinct from, as opposed to being inherent in and incident to, his forceful intercourse with Smith against her will. Proof of the assault on a female required evidence which was not necessary to the proof of second degree rape, to wit, evidence that defendant hit Smith while having intercourse with her; in its proof of second degree rape, the State did not need to rely on this evidence of defendant's blow to Smith, since there was ample evidence that he had used other

forceful measures to subdue Smith and subject her to intercourse against her will. In fact, defendant's own testimony was that he did not hit Smith until he was already having intercourse with her. Hence, the evidence under consideration is of two distinct offenses involving distinct occurrences, and is not of a greater offense and a lesser included offense. Defendant, however, was indicted only for second degree rape, and not for any distinct offense, arising from another set of acts, of assault on a female. "It is essential to jurisdiction that a criminal offense be charged in the warrant or indictment upon which the State brings the defendant to trial." *State v. Vestal*, 281 N.C. 517, 520, 189 S.E.2d 152, 155 (1972). Since there was no indictment for the separate offense of assault on a female, the court did not err in withdrawing such offense from the jury's consideration of possible verdicts. This assignment of error is overruled.

[3]   Defendant next assigns error to "[t]he trial court's instruction to the jury when deadlocked; on the grounds that the instructions violated G.S. 15A-1235." The challenged instructions were given after the jury had been deliberating for several hours and the jury foreman had informed the court that the jury was deadlocked in an eleven to one vote. The court instructed the jury as follows:

THE COURT: Well, you ladies and gentlemen, I am  sure have been diligent in your deliberations. You have been conscientious, I am sure.

However, you have heard all of the evidence in this case. I don't know of any reason to expect there would be any other evidence. You are intelligent jurors, and have no reason to believe that any other jurors would be more intelligent than you are.

It is·a juror's function to sit together and hear the evidence and go deliberate and listen to one another's viewpoints. And sometimes, after listening to one, you might readjust your thinking. That is part of the jury duty.

Sometimes, we human beings jump to conclusions. After we hear from other persons and their viewpoints, we realize maybe our position is not as sound as we once thought it was.

And I am going to ask you to continue just a little while longer, to sit together, listen to each other's viewpoints. If one or more of you feel like yours needs readjusting, that is part of a juror's duty.

However, I caution each and every one of you not to compromise your convictions or do violence to your conscience. You have a duty not to violate your conscience or compromise your convictions.

But I will let you deliberate a little bit longer.

If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue further deliberations and may give or repeat the following instructions:

(a) . . . that . . . all 12 jurors must agree to a verdict of guilty or not guilty.

(b) . . . that:

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely becaue of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

G.S. § 15A-1235. A jury may not "be advised of the potential expense and inconvenience of retrying the case should the jury fail to agree." *State v. Easterling*, 300 N.C. 594, 608, 268 S.E. 2d 800, 809 (1980). The instructions prescribed in G.S. § 15A-1235, however, need not be given verbatim whenever a jury is deadlocked; rather, such instructions are guidelines, "and the trial judge must be allowed to exercise his sound judgment to deal with the myriad different circumstances he encounters at trial."

*State v. Hunter*, 48 N.C. App. 689, 692-93, 269 S.E. 2d 736, 738 (1980).

The challenged instructions in the present case substantially conform to the guidelines in G.S. § 15A-1235. This assignment of error has no merit.

Defendant also assigns as error "[t]he trial court's withdrawal of the possible verdict of assault on a female; on the grounds that this coerced a verdict." As previously discussed, there was nothing improper about the court's withdrawal of such possible verdict. The absence of error obtains even though the withdrawal was done while the jury was deadlocked and even though the withdrawal might have expedited the jury's arriving at a unanimous verdict. This assignment of error has no merit.

In his next assignment of error, defendant argues that the "trial judge's miscellaneous remarks and questions urged the jury to rush its deliberations." Defendant contends that the court's telling the jury that this case was the last jury case for the week and that 5:00 was the "normal" closing hour, and his asking, from time to time, how the deliberations were progressing created a coercive and prejudicial climate which pressured the jurors into reaching a verdict. These remarks and inquiries were not coercive, but were consonant with the judge's responsibility for monitoring the jury's progress. The assignment of error is overruled.

[4] Finally, defendant assigns as error "[t]he admission into evidence testimony regarding the defendant's first trial and flight therefrom; on the grounds that the evidence arose in circumstances wherein defendant's rights guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution were violated."

Under this assignment of error, defendant first argues that admission of the evidence about defendant's flight from his first trial presented to the jury the fact that he was convicted when first tried on the charge at issue in the present case, and that the evidence of his conviction at the first trial was improperly admitted since the first conviction was set aside on the grounds that defendant had erroneously been denied his right to counsel.

State v. Jeffries

The numerous exceptions upon which this assignment of error is based, however, which relate to both evidence and the court's recapitulation thereof, disclose that the only matters presented to the jury were that defendant was earlier tried for the same offense at issue in the present case, that he had no attorney at that first trial, and that he fled during the course of the trial. There was nothing before the jury to indicate whether the trial resulted in a conviction of defendant, or his acquittal, or a mistrial. Hence, such evidence did not constitute the State's using evidence of a prior uncounselled conviction. The evidence did not show that defendant was convicted, nor was it so intended; rather, the evidence was presented solely to show that defendant fled from the first trial.

Defendant's second argument is that the probative value, on the issue of defendant's guilt for second degree rape, of the evidence of his flight from the first trial on such offense was outweighed by its prejudicial effect, particularly in light of the fact that he was without counsel in the trial from which he fled.

" '[E]ven relevant evidence may . . . be subject to exclusion where its probative force is comparatively weak and the likelihood of its playing upon the passions and prejudices of the jury is great. . . .' " *State v. Bullock*, 28 N.C. App. 1, 6, 220 S.E. 2d 169, 172 (1975), *cert. denied and appeal dismissed*, 289 N.C. 299, 222 S.E. 2d 699 (1976).

> It is well established in this State [however] that evidence of flight of an accused may be admitted as some evidence of guilt. . . .
>
> . . . [S]uch evidence . . . may be considered with other facts and circumstances in determining whether all the circumstances amount to an admission of guilt or reflect a consciousness of guilt . . . . An accused may explain admitted evidence of flight by showing other reasons for his departure or that there, in fact, had been no departure.

*State v. Murvin*, 304 N.C. 523, 527, 284 S.E. 2d 289, 292 (1981). "Even though the evidence of flight may disclose the commission of a separate crime by defendant, it is nonetheless admissible." *State v. Jones*, 292 N.C. 513, 526, 234 S.E. 2d 555, 562 (1977).

The challenged evidence in the present case is not an instance of the prejudice so outweighing the probity as to require its exclusion. That the evidence of flight from the trial may be explainable in terms other than the inference that defendant was conscious of his guilt goes only to the weight of such evidence and not its admissibility.

The final argument under this assignment of error is that the State has not demonstrated that defendant's flight from the first trial was not induced by defendant's fear of having to stand trial without an attorney, and, hence, such evidence is inadmissible fruit of a Sixth Amendment violation in that it is tantamount to an admission by defendant induced by a denial of his right to counsel.

This argument by defendant calls for the suppression of the flight evidence on the grounds that its exclusion is constitutionally required. The exclusive method of challenging evidence on such grounds is a motion to suppress made in compliance with the procedural requirements of G.S. § 15A-971 *et seq. State v. Conard*, 54 N.C. App. 243, 282 S.E. 2d 501 (1981). Those procedural requirements state that the motion to suppress must be made before trial, except in certain exceptional circumstances, G.S. § 15A-975; that the judge may summarily deny the motion to suppress if the motion does not allege a legal basis for the motion, G.S. § 15A-977(c)(1); that the motion must state the grounds upon which it is made and must be accompanied by an affidavit containing facts supporting the motion, G.S. § 15A-977(a); and that motions not disposed of summarily must be determined after the judge conducts a hearing and finds facts. G.S. § 15A-977(d). "The burden is on the defendant to demonstrate that he has made his motion to suppress in compliance with the procedural requirements of G.S. § 15A-971 *et seq.*; failure to carry that burden waives the right to challenge evidence on constitutional grounds." *State v. Conard, supra* at 245, 282 S.E. 2d at 503.

The record discloses no motion to suppress the flight evidence, much less one informing the trial court of its "fruit of a Sixth Amendment violation" grounds. The trial court was not alerted so as to conduct a hearing on defendant's contentions, and, hence, the State was without an opportunity to present any evidence that defendant's flight was not induced by the fact that

he was being tried without a lawyer, *e.g.* evidence that defendant's plans to flee were made prior to his knowing he would not have counsel. This constitutional theory of defendant cannot now be the basis of a finding of error, and defendant's final assignment of error is overruled.

We hold defendant had a fair trial free of prejudicial error.

No error.

Judge HILL concurs.

Judge BECTON concurs in the result.

Judge BECTON, concurring in the result.

Being bound by authoritative decisions of this Court and of our Supreme Court which hold that the fact that a defendant does not flee immediately "after the commission of a crime goes only to the weight of the evidence and not its admissibility," *State v. Murvin*, 304 N.C. 523, 527, 284 S.E. 2d 289, 292 (1981), I concur in the result. *See also State v. Self*, 280 N.C. 665, 187 S.E. 2d 93 (1972) (flight sixteen days after crime held to be competent) and *State v. DeBerry*, 38 N.C. App. 538, 248 S.E. 2d 356 (1978) (flight from courtroom when case called for trial held to be competent).

I write this concurring opinion to point out that the probative value of flight evidence has been seriously questioned.

Its probative value as circumstantial evidence of guilt depends upon the degree of confidence with which four inferences can be drawn; (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. *See generally Miller v. United States*, 116 U.S. App. D.C. 45, 48, 320 F. 2d 767, 770 (1963); 1 J. Wigmore, Evidence § 173, p. 632 (3d ed. 1940). The use of evidence of flight has been criticized on the grounds that the second and fourth inferences are not supported by common experience and it is widely acknowledged that evidence of flight or related con-

duct is 'only marginally provative as to the ultimate issue of guilt or innocence.'

*United States v. Myers,* 550 F. 2d 1036, 1049 (5th Cir. 1977), *cert. denied* 439 U.S. 847, 58 L.Ed. 2d 149, 99 S.Ct. 147 (1978). *See also United States v. Jackson,* 572 F. 2d 636, 639-40 (7th Cir. 1978), and *United States v. Foutz,* 540 F. 2d 733, 740 (4th Cir. 1976). Recently, the Fourth Circuit in *United States v. Beahm,* 664 F. 2d 414 at 419 (4th Cir. 1981) *quoting United States v. Foutz,* 540 F. 2d at 740, stated: " 'The inference that one who flees from the law is motivated by guilt is weak at best. . . .' " I conclude with an older and more elaborate statement by the United States Supreme Court in *Wong Sun v. United States,* 371 U.S. 471, 483 n. 10, 9 L.Ed. 2d 441, 452 n. 10, 83 S.Ct. 407, 415 n. 10 (1963):

> [W]e have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime. In *Alberty v. United States,* 162 U.S. 499, 511, this Court said: ". . . it is not universally true that a man, who is conscious that he has done a wrong, 'will pursue a certain course not in harmony with the conduct of a man who is conscious of having done an act which is innocent, right and proper; since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses. Nor is it true as an accepted axiom of criminal law that the wicked flee when no man pursueth, but the righteous are as bold as a lion.' "