45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Bernard BLACKMON, a/k/a Terry Bernard Blackman,
Defendant-Appellant.
 No. 94-5284.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 13, 1994.
Decided: January 6, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-222, CR-93-223, CR-93-224)
 Aaron E. Michel, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Bernard Blackmon pled guilty to three counts of bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994), and was sentenced as a career offender to a term of 156 months imprisonment. He appeals his sentence, alleging that the district court erred in finding that he was a career offender and otherwise erred in calculating his criminal history score. We affirm.
 
 
 2
 A defendant is a career offender if he is at least eighteen years old at the time of the instant offense, he has two prior felony convictions for a crime of violence or a drug trafficking offense, and the instant offense is either a crime of violence or a drug trafficking offense. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1993). Blackmon was convicted of attempted armed robbery in 1975 and was sentenced to four to six years imprisonment. He was convicted of robbery with a dangerous weapon in 1976 and was sentenced to ten to fifteen years. He was convicted of assault on a female in February 1993 and was sentenced to two years supervised probation, which was revoked after he committed the bank robberies.
 
 
 3
 Blackmon argues that his sentence for assault on a female was not a crime of violence because it occurred during a domestic dispute and because there is no evidence that it was an aggravated assault. We review de novo the district court's decision that an offense is a crime of violence, and look to the elements of the offense rather than the underlying conduct. United States v. Wilson, 951 F.2d 586, 588 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3799 (U.S.1992).
 
 
 4
 Application Note 2 to guideline section 4B1.2 specifically identifies aggravated assault as a crime of violence, but also states that another offense may be a crime of violence when it has as an element the use, attempted use, or threatened use of physical force against the person of another. Under N.C. Gen.Stat. Sec. 14-33(b) (1993), assault on a female is defined as "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." State v. Jeffries, 291 S.E.2d 859, 860-61 (N.C. Ct.App.1982). We have no difficulty in finding that this offense was correctly treated as a crime of violence.
 
 
 5
 Blackmon also argues that the sentence for his 1975 attempted robbery conviction could not be counted to find him a career offender because it was outside the applicable fifteen-year period. USSG Sec. 4A1.2(e)(1). Because Blackmon was properly sentenced as a career offender based on his 1976 robbery conviction and his 1993 assault on a female conviction, we need not determine whether the sentence for his 1975 robbery conviction extended into the fifteen-year period.*
 
 
 6
 Finally, we need not determine whether Blackmon's 1993 convictions for trespass, damage to real property, and communicating threats were related cases because the criminal history points assigned for these consolidated sentences did not affect the career offender guideline range.
 
 
 7
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 A four to six year sentence was imposed on March 13, 1975. A ten-to-fifteen year sentence imposed in 1976 was made concurrent with the 1975 sentence. If the 1975 sentence extended past August 12, 1978, it would be within the fifteen-year period and could be counted. Blackmon was paroled in 1984. However, the state records do not disclose when the 1975 sentence expired