IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-888

Filed 6 May 2026

Guilford County, Nos. 22CR075131-400, 22CR075132-400

STATE OF NORTH CAROLINA

v.

DEVANTE ANDRE HORTON, Defendant.

Appeal by Defendant from judgments entered 20 November 2024 by Judge Lori I. Hamilton in Guilford County Superior Court. Heard in the Court of Appeals 24 March 2026.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Gina M. Von Oehsen Cleary, for the State.*

*Ryan Legal Services, PLLC, by John E. Ryan, III, for Defendant.*

GRIFFIN, Judge.

Defendant Devante Andre Horton appeals his conviction of common law robbery and assault on a female. Defendant argues the trial court erred by denying his motion to dismiss because the State allegedly failed to offer evidence of specific intent for the charge of assault on a female. We hold the trial court did not err in denying the motion to dismiss because assault on a female is a crime of general intent.

## I. Factual and Procedural History

This appeal arises from a conviction of one count of common law robbery and one count of assault on a female. At trial, the State introduced evidence that tended to show the following:

In June 2022, Defendant contacted locksmith Bradley Boyd. Defendant requested for Boyd to create a key for his vehicle and Defendant provided proof of ownership. When Boyd created the key, he met Defendant in Winston-Salem. However, when Defendant went to pay Boyd for the key, Defendant's credit card payment was declined, and Defendant was unsuccessful in obtaining funds from an ATM. As a result, Defendant informed Boyd that he would return to pay another time.

On 15 June 2022, Defendant met with Boyd in High Point. Boyd and his daughter, R.B., were working in the back of Boyd's box truck when Defendant arrived. Defendant told Boyd that he was going to pay for the key with $80.00 in cash and $400.00 by credit card. Boyd turned his back to Defendant to prepare the credit card reader for payment. When Boyd turned around, Defendant pepper sprayed Boyd and R.B., took the key, and fled without paying. Boyd attempted to chase Defendant but fell, tearing ligaments in his ankle. A bystander witnessed the events and called emergency services.

About two years later, Defendant was indicted for common law robbery and assault on a female. The matter went to trial on 19 November 2024. Defendant moved to dismiss at the close of the State's evidence. The trial court denied the

motion and Defendant elected to present evidence. Defendant testified that he did not see anyone else in the truck other than Boyd. Defendant admitted to spraying pepper spray "into the air" near Boyd. Defendant renewed his motion to dismiss at the close of all evidence. The trial court denied the motion. The trial court charged the jury with the following instruction: "For you to find [D]efendant guilty of [assault on a female], the State must prove . . . that [D]efendant *intentionally* assaulted [R.B.] by pepper spraying her."

The jury found Defendant guilty of both common law robbery and assault on a female. The trial court sentenced Defendant to a term of fourteen to twenty-six months in prison for the charge of common law robbery and ordered that Defendant pay restitution, court costs, and attorney's fees in the form of a civil judgment. The trial court sentenced Defendant to 150 days imprisonment in the Misdemeanant Confinement Program for the charge of assault on a female, running consecutively to the sentence imposed for the charge of common law robbery. Defendant timely appeals.

## II. Analysis

Defendant argues the trial court erred in denying his motion to dismiss because "[n]o evidence was presented by the [S]tate to suggest that [Defendant] acted with intent to assault a female." The State responds that, because assault on a female is a general intent crime, the State only needed to show that Defendant intended to commit the act that harmed R.B.

This Court reviews the denial of a motion to dismiss de novo. *State v. Golder*, 374 N.C. 238, 250, 839 S.E.2d 782, 790 (2020) (citation omitted). Under de novo review, the reviewing court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation omitted). When reviewing motions to dismiss, this Court conducts a measure of substantial evidence. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). In doing so, this Court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein; and (2) of [the] defendant's being the perpetrator of such offense." *Id.* at 378, 526 S.E.2d at 455 (internal quotation marks and citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980) (citations omitted).

Under North Carolina common law, assaults are general intent crimes. *See, e.g.*, *State v. Page*, 346 N.C. 689, 700, 488 S.E.2d 225, 232 (1997). General intent crimes "do[] not require that the State prove any specific intent but only that the defendant perform the act which is forbidden by statute." *State v. Jones*, 339 N.C. 114, 148, 451 S.E.2d 826, 844 (1994). General intent crimes exist where statutes omit language regarding the defendant's mental state. *See State v. Lattimore*, 201 N.C. 32, 34, 158 S.E.2d 741, 742 (1931) ("It is true that an act may become criminal only by reason of the intent with which it is done, but the performance of an act which is

expressly forbidden by statute may constitute an offense in itself without regard to the question of intent.").

A defendant commits an act of assault on a female if: (1) the defendant is a male; (2) the defendant is over the age of eighteen; (3) the defendant commits an assault; and (4) the victim is a female. N.C. Gen. Stat. § 14-33(c)(2) (2023). An assault is defined as

> an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.

*State v. Jeffries*, 57 N.C. App. 416, 418, 291 S.E.2d 859, 860–61 (1982) (citation omitted). Our legislature's enumeration of assault on a female in section 14-33(c)(2) "does not create a new offense as to assaults on a female, but only provides for different punishments for various types of assault." *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967) (citations omitted). Thus, assault on a female is also a general intent crime and the State need not prove that a defendant acted with specific intent. *See Page*, 346 N.C. at 700, 488 S.E.2d at 232.

Defendant argues the State did not put on evidence of his intent to pepper spray R.B. Defendant does not challenge the sufficiency of the State's evidence concerning Defendant's status as a male, Defendant's age, or R.B.'s status as a female. Defendant's argument fails because the State did not need to show Defendant

intended to pepper spray *R.B.*, only that he intended to pepper spray *someone* and caused immediate physical injury. *See Jones*, 339 N.C. at 148, 451 S.E.2d at 844. By his own admission, Defendant intended to use pepper spray against Boyd, and R.B. sustained injury from this act. The evidence proffered by the State was substantial in nature and a reasonable mind would likely conclude that Defendant possessed the requisite intent to assault R.B. *See Smith*, 300 N.C. at 78–79, 265 S.E.2d at 169.

## III.    Conclusion

The trial court did not err in denying Defendant's motions to dismiss.

NO ERROR.

Chief Judge DILLON and Judge WOOD concur.